STATE *vs.* FRANCIS JOAQUIN.

Somerset.    Opinion February 20, 1879.

*Indictment. Perjury. R. S., c. 112, § 2.*

An indictment under R. S., c, 112, § 2, making it a crime to endeavor to incite another to commit perjury, is not good when it alleges that the act of perjury was to be committed in a suit designed to be brought, but which was not then, and never has been, pending.

The rule would be different if the attempt was to get another to commit perjury by going before a magistrate or grand jury to inaugurate a proceeding by false swearing.

ON EXCEPTIONS.

INDICTMENT under R. S., c. 112, § 2, wherein the defendant is charged at a certain time and place, as follows : " Meaning and intending to bring a suit or proceedings against one Aaron B. Fox, before a court of competent jurisdiction, for the killing of certain sheep and lambs belonging to him, the said Francis Joaquin, which he, the said Francis Joaquin, claimed were killed by said Aaron B. Fox, and by a dog belonging to him, the said Aaron B. Fox, did then and there wilfully and corruptly endeavor to incite and procure one George H. Ward to commit the crime of perjury, by testifying before said court, of competent jurisdiction, whenever the said suit or proceedings should be heard before said tribunal, that he, said George H. Ward, had seen the said Aaron B. Fox

dogging his, said Francis A. Joaquin's, sheep, which said testimony, whenever the said suit or proceeding was heard before said tribunal, would be material to the issue which would then and there be pending, and heard, and decided, in said suit or proceeding; whereas, in truth and in fact, the said Francis Joaquin, at the time of said endeavor to incite and procure the said George H. Ward to commit the said crime of perjury, then and there well knew that the said George H. Ward had never seen the said Aaron B. Fox dogging his, said Francis Joaquin's, sheep. And so the jurors for the state aforesaid, upon their oaths aforesaid, do present that the said Francis Joaquin did then and there in manner and form aforesaid, wilfully and corruptly endeavor to incite and procure the said George H. Ward to commit the crime of perjury, against the peace of the state, and contrary to the form of the statute in such case made and provided."

There were other counts in the indictment, but substantially setting out alike the offense charged.

To this indictment the defendant demurred, and the demurrer was joined. The presiding justice overruled the demurrer and adjudged the indictment good; whereupon the defendant alleged exceptions.

*L. S. Walton*, county attorney, for the state.

*D. D. Stewart*, for the defendant.

PETERS, J. This indictment alleges that the respondent endeavored to procure another to commit perjury. The substance of the matter alleged is, that the respondent intended to commence a suit, or institute a proceeding, in which the perjury was to be committed.

We think the case is not reached by the statute on which the indictment is founded. The true rendering of the statute is, that a person shall be liable who endeavors to procure a person to swear falsely " in a proceeding before any court, tribunal or officer created by law, or in relation to which an oath or affirmation is by law authorized." The objection is that the suit or proceeding was not pending. It might never be commenced. Therefore it was an instigation to commit an offense upon a condition or

contingency that might never happen. This was rather an ideal than a real offense, morally reprehensible no doubt, but not such as the law sees fit to notice.

The county attorney ingeniously argues that, if the proceeding is pending, it may never come on for trial, and that there is no more condition in the way of a suit being brought than there is of its being tried after it is pending in court. But there is a presumption that a case in court is to be tried or disposed of, a presumption of continuance, order or regularity in the course of judicial proceedings, while there is not a presumption that a person will consummate a crime that he may have had in contemplation.

No doubt a person could be guilty under the statute of endeavoring to incite another to commit perjury where no proceeding is pending, but where the act done would itself constitute a proceeding. A man might be induced to go before a grand jury and falsely swear to a complaint. A pregnant woman might be instigated by another to go before a magistrate and falsely swear to proceedings against a man as the father of her bastard child expected to be born. In such cases the acts of the foresworn parties would have the effect, *per se*, to institute proceedings. Mr. Chitty in his Pleadings has furnished precedents for such indictments. But here the instigation was not to commence a proceeding by false swearing, but to swear falsely in some proceeding, provided at some time before some court in some form one should be commenced.

*Demurrer sustained.*

APPLETON, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.