[Crim. No. 1784. Second Appellate District, Division Two.—May 17, 1929.]

THE PEOPLE, Appellant, v. HAROLD McALLISTER, Respondent.

38

U. S. Webb, Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Appellant.

William R. Elam for Respondent.

CRAIG, J.—This is an appeal by the People from a judgment of the Superior Court, dismissing the action after an order sustaining a demurrer to an amended information. The information contained five counts. The first two counts charged the defendant with offenses of offering and giving bribes to persons who were about to be called as witnesses in the case of *McAllister* v. *Lightburn et al.,* then and there about to be filed in the Superior Court of the State of California, in Los Angeles County, upon the understanding and agreement that the testimony of said witnesses in said case should be influenced thereby. Counts three, four and five are of the same import, and charge the defendant with an attempt by certain means to fraudulently induce the giving of false and withholding of true testimony by having prepared false evidence in writing for the signature of said wit-

nesses, with intent to produce the same as true and genuine, and to contradict the testimony of another person to be given in an action about to be filed.

A motion to set aside the information, and a demurrer which occupies thirty-eight pages of the transcript, were interposed. The demurrer attempts to present points which could not be raised by demurrer. For example, it recites, "that the offense charged against the defendant is not shown by the evidence taken at the preliminary examination." This and many other and similar statements are embraced therein.

The district attorney has proceeded upon the theory that the information is sufficient as charging the offense denounced by section 137 of the Penal Code, which reads: "Every person who gives or offers, or promises to give, to any witness or person about to be called as a witness, any bribe, upon the understanding or agreement that the testimony of such witness shall be thereby influenced, or who attempts by any other means fraudulently to induce any person to give false or withhold true testimony, is guilty of a felony."

It is the contention of the respondent that this section has no application where, as here, it does not appear that there was any action or proceeding pending which might be affected by any misconduct of the defendant.

At the outset it must be remembered that this is a law primarily to prevent the corrupt interference with the administration of justice. Its purpose is to go back as far as necessary and say in effect that any attempt to so influence prospective witnesses that the truth will not be presented in anticipated litigation is felonious. In *State* v. *Holt*, 84 Me. 509 [24 Atl. 951], it was said in effect, although perhaps the statement is *obiter dictum*, that in a prosecution similar to the one before us the indictment need not aver that the witness had been summoned, or even that a cause was pending requiring the attendance of witnesses. Surely, it is not the imminence of the person being called as a witness nor the fact that his being called may be postponed for a time that is determinative of the act coming within the purview of this section. It is the intent of the person interested and his purpose and design that is decisive of that question. True, a person cannot be a witness unless there is an action pending, but a person may be about to be called

as a witness even though no action is pending. The attempt to wrongfully influence another's testimony might take place a day or an hour before a proceeding was to be instituted, but immediately following the beginning of which a subpoena would be issued for such person to become a witness therein. No reason is suggested nor is one apparent why it should be unlawful to attempt to bribe or otherwise persuade someone to later defraud the court as a witness if the attempt be made while an action is pending, but if the same effort to obstruct justice were used just before the action were begun it should be exempt from condemnation and entitled to the approval and sanction of the law.

The term ''or person about to be called as a witness'' in the first part of the section, it seems clear, was used with the legislative intent of including within its denouncement all offers of bribes to any person in contemplation of his becoming a witness. Such anticipation is not affected as to its moral or legal wrongfulness by the fact, if it be one, that the proceeding in which influenced testimony is to be given or withheld has not yet been filed. It seems equally clear that the term ''any person'' used in the last phrase is intended to include both any witness and any person about to be called as a witness as denominated in the first part of the statute. If A attempts by any means other than bribery to induce B to give false or withhold true testimony, the criminal act is committed and the criminal intent exists equally whether there is or is not a proceeding then pending, during the progress of which B is to give testimony or withhold it.

These principles are recognized in *In re Shepard,* 109 Mich. 631 [67 N. W. 971]. This proceeding, although not squarely in point, is worthy of consideration here. The corruption and vice of actively blocking the production of evidence even though no proceeding was pending in which it could be used, but where such a proceeding might be later begun was denounced. This was a disbarment proceeding. Shepard, an attorney, had taken steps to prevent a woman upon whom an abortion had been performed from making any statement before her death, and the accused was acting on behalf of one who was suspected of being instrumental in causing the abortion. No prosecution or other proceeding had been instituted, but it was held that Shepard was

guilty at least of attempting to stifle evidence and that this was sufficient upon which to predicate the charge of professional misconduct. This conclusion necessarily involves a recognition of the fact that there may be evidence in its legal sense, although no action is pending, in which it could be used. This being so, as an abstract proposition, it is possible to influence testimony even if it be true that no proceeding has been begun.

Respondent cites *People* v. *Berkowitz*, 121 Misc. Rep. 40 [200 N. Y. Supp. 823], *Brown* v. *State*, 13 Tex. App. 358, and *State* v. *Joaquin*, 69 Me. 218. In the last-named case the statute upon which the prosecution was based differs materially from the one here involved. The court concluded the true interpretation of the law there involved to be an express provision that a person shall be liable who endeavors to procure another to swear falsely ''in a proceeding before the court, tribunal or officer created by law, or in relation to which an oath or affirmation is by law required.'' The opinion in the Texas case above mentioned is of no assistance. It contains no quotation from the statute involved, but it is apparent that the act differs in many respects from section 137 of our Penal Code. From the language used it seems that the existence of a subpoena must be shown and that such subpoena was issued by legal authority, as well as other items, from which it might easily be concluded that the pendency of a suit would be a prerequisite to prosecution even though the statute may not have directly so provided. The *nisi prius* decision in *People* v. *Berkowitz*, *supra*, is not convincing. The case was prosecuted under section 2440 of the Penal Laws of New York, the language of which is similar to, though not identical with, that of section 137 of our code. The opinion assigns no substantial reason for its conclusion that there must be in fact a trial, proceeding, inquiry or investigation pending in which the witness or person about to be called is to give testimony.

■ It is argued that since certain other sections in the same chapter in which section 137 is found expressly specify that the act denounced has to do with a trial, proceeding, inquiry or investigation, it must be assumed that section 137 was intended to make the same provision. The conclusion from this situation would seem to be quite to the contrary. The leaving out of all reference to trial or other proceeding

in section 137, considering its proximity to the sections mentioned and the fact that they all have to do with the same general class of offenses, would appear to have been intentional. That fact is emphasized by the definite language employed in section 132 and other sections following, and the express omission in section 137 of any reference to or mention of the "trial, proceeding, inquiry or investigation."

■ It is pointed out that the chapter in which section 137 is contained is entitled "falsifying evidence." This term is broad enough to include any interference with the production of true evidence whether that interference be a part of the scheme or plan to obstruct justice designed and begun before litigation has been instituted or afterward.

■ Respondent attempts to uphold the ruling of the trial court in sustaining the demurrer by asserting that the information is defective in all five counts, in that there is no allegation in any of them of an understanding or agreement that the testimony of witnesses would be influenced by the bribes given or offered. The first two counts conclude with the direct allegation of an "understanding and agreement that the testimony of the said . . . in said case should be thereby influenced." ■ The third, fourth and fifth counts are predicated on the provision contained in the last part of section 137 of the Penal Code, and in each count the pleader has merely charged an attempt to induce some person to give false or withhold true testimony. Obviously, here no allegation as to an understanding or agreement is necessary, since there would be no meeting of the minds of the parties involved where, so far as the pleading shows, only one attempting party had violated the provision of the law involved.

■ We think this information is sufficient as a pleading. Each count alleges a violation of section 137 of the Penal Code. As to whether or not the defendant did the acts charged or attempted to do them will be questions for the jury to determine. Also, it will be the duty of the jury under proper instructions from the court to say whether the person whose evidence is alleged to have been illegally influenced was in fact "about to be called as a witness." This of necessity involves the further question, also for the jury's decision, as to whether the acts of the defendant averred to be unlawful were done in contemplation of the beginning

of an action or other proceeding where such influenced evidence was intended to be produced or from which it was designed to suppress its use. All of these are questions of fact, and as such must be determined adversely to the defendant in order that he may be convicted. But the charges contained in the information are in our opinion sufficient in each of the five counts to state a public offense.

Extensive argument on behalf of the respondent is devoted to criticism of the ruling denying his motion to set aside the information as amended, and in attempted support of the ruling sustaining the demurrer to each of the five counts. It is insisted that the People's pleading is not based upon, nor does it conform to, the evidence or commitment in the municipal court; that there was no evidence taken at the preliminary examination tending to show the offense charged in the information, and that he was not legally committed. Neither a copy of the commitment, nor any evidence adduced at the preliminary examination was transmitted to us in this proceeding, and being confined to the record as presented, we must presume that the ruling of the court in denying the motion was proper. It may be added, that no appeal was taken from the order mentioned, and the correctness of that decision is not before us. We are not advised by the transcript as to the offense for which the respondent was apprehended, the offense which the evidence tended to show, nor that with which he was charged in the commitment, yet various authorities are cited, and there is much discussion, from which we assume that it is contended that there was a fatal variance between the commitment and the information. Section 1004 of the Penal Code prescribes five grounds of demurrer: (1) that the court is without jurisdiction; (2) that the information does not substantially conform to the requirements of the code; (3) that more than one offense is charged, except as provided in section 954; (4) that the facts stated do not constitute a public offense, and (5) that the allegations thereof constitute, if true, a legal justification of the offense charged, or other legal bar to the prosecution. In none of these subdivisions of said section is the sufficiency of the evidence, or substance of the commitment, made of consequence for the purposes of demurrer. Demurrers are limited to the grounds specified by section 1004 of the Penal Code. (*People* v. *Markham,*

64 Cal. 157 [49 Am. Rep. 700, 30 Pac. 620]; *People* v. *Schmidt*, 64 Cal. 260 [30 Pac. 814]; *People* v. *Tibbitts*, 71 Cal. App. 709 [236 Pac. 217].)

For the reasons herein expressed the judgment is reversed and the trial court is directed to overrule the demurrer.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition by respondent to have this cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1929.

Seawell, J., and Preston, J., dissented.