[Crim. No. 2919.   Second Appellate District, Division Two.—January 13, 1937.]

THE  PEOPLE,  Respondent,  v.  EDWARD  SCHULTZ, Appellant.

Claude A. Watson and F. Ray Bennett for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant, appellant, was convicted of the crime of offering to a witness a bribe in violation of section 137 of the Penal Code, a felony, in that he offered to give to one Nora Mary Morris, who was then and there about to be called as a witness in a civil action then pending, a bribe upon an understanding that the testimony of the said Nora Mary Morris should thereby be influenced. The appeal is from the judgment of conviction and from the order of the court denying defendant's motion for a new trial.

The record discloses that the defendant proposed to one Grace Brickley and one Fern Lewis that together they defraud the Los Angeles Railway Company by having Grace Brickley fall in a street car, appear to be injured, sue the company and procure a judgment. They proceeded with the plan and in April, 1936, the personal injury action entitled *Brickley* v. *Los Angeles Railway Company* was tried in the municipal court, and all three of the above-named persons testified in accordance with their plan. Seven months before the trial and about the time they filed the claim against the company they approached Nora Mary Morris and attempted to induce her to testify for them a story made out of whole cloth. The next day she went to

the railway company and told them of the conspiracy and at the trial against the company she appeared as a witness and testified and related in full her conversations with the three conspirators, thereby causing them to lose the case, and thereafter the present action was commenced against the defendant and the others.

The first contention of the defendant is that there is an entire lack of evidence to show that Nora Mary Morris was ''a witness or a person about to be called as a witness''. The answer is that the record discloses that the defendant first made the proposition in all of its details on July 20, 1935, and again on April 26, 1936, three days before the time set for the trial of the negligence action. At that time Nora Mary Morris was about to become a witness in the case and did in fact become a witness. The defendant contends in this regard that Nora Mary Morris never at any time had any intention of testifying as a witness. But what he really means by this is that she did not at any time intend to testify as the defendant was urging her to testify. There is nothing in the law which makes the guilt of the defendant depend upon the intention of the witness. The evidence is clear that the offer was made upon the understanding that the testimony of the witness would be influenced by the offered bribe. No acceptance of the offer was necessary. (*People* v. *McAllister*, 99 Cal. App. 37 [277 Pac. 1082].)

In *People* v. *McAllister, supra,* the court construed the code section in question as follows: ''The term 'or person about to be called as a witness' in the first part of the section, it seems clear, was used with the legislative intent of including within its denouncement all offers of bribes to any person in contemplation of his becoming a witness.'' Furthermore, section 137 reads as follows: ''Every person who gives or offers, or promises to give, to any witness, or person about to be called as a witness, any bribe, upon any understanding or agreement that the testimony of such witness shall be thereby influenced, or who attempts by any other means fraudulently to induce any person to give false or withhold true testimony, is guilty of a felony.'' The information charged also that defendant ''attempted fraudulently to induce the said Nora Mary Morris to give false and withhold true testimony in

the aforesaid action''. Sufficient evidence was presented to uphold the conviction under the last provision of the section.

■ The defendant's second contention is that there is an entire lack of evidence to show that the defendant promised to give or offered any *bribe* to Nora Mary Morris. The answer is that there is direct testimony by two witnesses that he offered and promised her money and fine clothes, and further that he would see that she was well taken care of. This is sufficient.

■ The next contention of the defendant is that the court erred in admitting evidence of conversations heard over a dictaphone because the witnesses admitted that they did not see any of the people whose voices they heard by means of the dictaphone, and because the witnesses admitted that they caught only a part of the conversations. There are other ways of identifying voices than by seeing the party who is talking, and a person is not obliged to hear and catch all of the conversation in order to relate the part of it he does hear and catch.

■ The next contention of defendant is that ''the court erred in consolidating the information accusing the defendant of offering a bribe with an information charging him with subornation of perjury and in ordering the two cases to be tried together''. There are several answers. The first is that the record does not set forth the information charging subornation of perjury. The record does show that at the trial the defendant admitted in effect that the two offenses arose out of the same transaction. It may well be that the two offenses were connected together in their commission or even that the informations were different statements of the same offense, either of which contingencies would have made the consolidation permissible under section 954 of the Penal Code. It is not the duty of this court to search for ways to reverse a judgment of the trial court. The defendant admits that he was found not guilty of the charge of subornation of perjury, and in the absence of a direct showing of prejudice to the defendant, this court will not assume that the defendant was prejudiced by the consolidated trial.

■ It is the final contention of the defendant that there was gross misconduct of the district attorney in his argu-

ment to the jury which constituted prejudicial error and which was not corrected by the admonitions of the court. We have examined into this alleged misconduct and in our view there is nothing in this contention which would entitle the defendant to a reversal of the judgment.

Judgment affirmed; order denying new trial affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.