198 P.2d 120

**STATE v. FERRARO.**

No. 989.

Supreme Court of Arizona.

Oct. 11, 1948.

398

No appearances for the parties.

UDALL, Justice.

Ida Watson signed a criminal complaint before a magistrate of Pima County charging one Pallas Combs with statutory rape upon her seventeen year old daughter. Before the preliminary hearing in the Combs case was held, defendant (in the present case) Joseph Ferraro went to the home of Ida Watson and offered her a bribe of one hundred dollars to influence her testimony in the Combs case. Later when he returned and repeated the offer, which was not accepted, a deputy sheriff stationed in an adjoining room having overheard the latter conversation promptly arrested Ferraro upon a charge of bribery. As shortly thereafter defendant Combs waived his preliminary hearing in the rape case and entered a plea of guilty to the information filed in the superior court the complaining witness, Ida Watson, was never called to testify against him. Ferraro was regularly brought to trial and a jury convicted him of a felony, to wit: "bribing a witness". His motions for a new trial and in arrest of judgment were denied, but before sentence, the trial court stayed further proceedings and with the written consent of James M. Howsare, deputy county attorney, representing the State and Martin S. Rogers, attorney for defendant, has certified to this court, under the provisions of section 44-2401, A.C. A.1939, three questions of law which it deems "so important and doubtful as to require the decision of the appellate court".

In spite of the admonition to the bar contained in the case of State v. Blazina, 58 Ariz. 346, 120 P.2d 395, neither the attorney for the defendant nor the county attorney have filed a brief or called to our attention any authorities that might shed light upon the questions to be decided. Furthermore, the questions are so broadly drawn that to fully answer the same would involve a dissertation on abstract matters far beyond the scope of the legal problems presented in the instant case. Within proper limits, under these handicaps, we shall endeavor to discharge our statutory duty of rendering an advisory opinion on the questions properly before us.

Inasmuch as all of the questions are concerned with the meaning of a single statute dealing with bribery, we set out the pertinent provisions in extenso.

"Bribing and receiving bribe by witness. —Every person who (1) gives, or offers or promises to give, to any witness or person about to be called as a witness, any bribe, upon any understanding, or agreement that the testimony of such witness shall be thereby influenced, or (2) who attempts by any other means fraudulently to induce any person to give false or withhold true testimony, * * * is guilty of a felony." Sec. 43-3906, A.C.A.1939. (Numbering supplied.)

This section is an exact counterpart of Sec. 137 of the California Penal Code, and originally was adopted from the criminal law of that jurisdiction. It has been a part of our penal code since 1887, and except for consolidation with another section in the 1928 Code, Sec. 4555, the phraseology has remained unchanged.

It is apparent that the hereinbefore quoted portion of Sec. 43-3906, supra, in reality sets forth two separate means of committing the crime of bribery, i. e.: under. (1) an understanding or agreement must be had, whereas under (2) the offense prescribed is accomplished "* * * by any other means fraudulently * * *" inducing a witness to give false or withhold true testimony, and under this charge there need be no meeting of the minds. People v. McAllister, 99 Cal.App. 37, 277 P. 1082. It is somewhat difficult to determine from a careful reading of the information and the question certified here under which subdivision the defendant was charged, but we shall hereafter assume that it was under the former (1).

The first question certified to this court is: When does one become a witness subject to bribery, as defined by Section 43-3906, A.C.A.1939, and under the charge in the information? We find ourselves in agreement with the expressions of the California courts on this question as set out in the cases of People v. McAllister, supra, and People v. Martin, 114 Cal.App. 392, 300 P. 130.

"At the outset it must be remembered that this is a law primarily to prevent the corrupt interference with the administration of justice. Its purpose is to go back

as far as necessary and say, in effect, that any attempt to so influence prospective witnesses that the truth will not be presented in anticipated litigation is felonious. * * *

"The term 'or person about to be called as a witness' in the first part of the section, it seems clear, was used with the legislative intent of including within its denouncement all offers of bribes to any person in contemplation of his becoming a witness. Such anticipation is not affected as to its moral or legal wrongfulness by the fact, if it be one, that the proceeding in which influenced testimony is to be given or withheld has not yet been filed. * * *" People v. McAllister, supra [99 Cal.App. 37, 277 P. 1084].

" '* * * Surely, it is not the imminence of the person being called as a witness nor the fact that his being called may be postponed for a time that is determinative of the act coming within the purview of this section. It is the intent of the person interested and his purpose and design that is decisive of that question. * * *' " People v. Martin, supra [114 Cal.App. 392, 300 P. 131].

It would defeat the obvious intent of the legislature to restrict the application of this statute to those already served with subpoena or under legal process to appear as witnesses in pending actions, for to do so would put a premium on the early offering of bribes to prospective witnesses. The corrupt purpose can be equally effected by offers made to those who are as yet only prospective or contemplated witnesses.

Though it might possibly be argued that Ida Watson was not, at the time the defendant Ferraro offered her the bribe, a "witness" within the technical legal meaning of the word, Sec. 23-101, A.C.A. 1939, there can be no doubt that she was at least a "person about to be called as a witness" within the purview of Sec. 43-3906, supra. See People v. McGee, 24 Cal. App. 563, 141 P. 1055. Ida Watson initiated the prosecution against Combs, out of which grew this action against defendant Ferraro, by swearing to a criminal complaint before a magistrate. As her testimony was vital to the prosecution, she was necessarily a prospective witness in the case against Combs. The subsequent waiver by Combs of the preliminary hearing and his plea of guilty to the charge of statutory rape made both a trial and the testimony of Ida Watson unnecessary, but did not and could not in any respect affect the criminality of the actions of Ferraro.

As applied to the instant case the first question presented resolves itself into this: Was Ida Watson a "* * * witness or person about to be called as a witness. * * *" within the meaning of Sec. 43-3906, supra? We answer the question thus modified in the affirmative.

The second question certified to us reads: Must the state prove that an agreement was actually entered into between the defendant and the witness as one of the essential

elements of the charge of offering to give a witness a bribe upon agreement that the testimony of said witness be thereby influenced and to induce said witness to withhold true testimony?

In general with the crime of offering a bribe, the corrupt intent of the offeror is the essence and substance of the offense, the corpus delicti, and it is immaterial whether or not the offer is successful. 8 Am.Jur., Bribery, Sec. 9. In such a case, though the person approached may be wholly innocent of any offense, the offeror may be indicted and punished for the commission of the crime. Such is the use of the term "bribery" in the following sections of our Penal Code: Bribing judicial officer or trior, Sec. 43-801, A.C.A. 1939; bribery of member of political caucus, convention or committee, Sec. 43-1510; bribery of public officer, Sec. 43-1702; bribing public officials other than state, Sec. 43-3918. But for reasons that are not apparent to us, in adopting the statute on bribing witnesses, Sec. 43-3906, supra, here under consideration, the legislature has seen fit to provide that an essential element of the crime under subdivision (1) is that the bribe is given upon the "* * * understanding or agreement that the testimony of such witness shall be thereby influenced * * *." While liberal construction of criminal statutes is enjoined upon us by Sec. 43-102, A.C.A. 1939, we are not permitted under the holding in State v. Behringer, 19 Ariz. 502, 172 P. 660, 661, to "* * * extend the meaning of the language used by the Legislature to include all cognate or related acts to those actually condemned * * *"; so by the same reasoning we are not permitted to ignore an element designated by the legislature to be essential to the commission of a criminal offense.

The precise question raised has been decided under similar or identical statutes by appellate courts in both the states of Washington and California. See State v. Benson, 144 Wash. 170, 257 P. 236; Ex parte Jang, 25 Cal.App.2d 529, 78 P.2d 250. See also 11 C.J.S., Bribery, § 2–c(1), p. 843. These decisions hold that the crime is incomplete if there is a failure to procure the necessary agreement or understanding that the testimony of such approached witness shall be thereby influenced.

Some apparently contradictory interpretations of related bribery statutes are to be found in the California decisions. We shall not attempt to reconcile the seeming inconsistency. See People v. Squires, 99 Cal. 327, 33 P. 1092; People v. Kerns, 9 Cal.App.2d 72, 48 P.2d 750; People v. Brigham, 72 Cal.App.2d 1, 163 P.2d 891. This last case has to do with a bribe-seeking police officer prosecuted under a statute identical with the last portion of our Sec. 43-1702, A.C.A.1939, containing a proviso "* * * upon any agreement or understanding that his * * * action * * * shall be influenced thereby * * *".

The court held that the word "agree" as there used meant to promise or consent, and that the agreement or understanding refers only to the bribe-seeker's state of mind and not the victim's. Yet in the same opinion the court reiterates the holding in Ex parte Jang, supra. Another California case, People v. Schultz, 18 Cal.App.2d 485, 64 P.2d 440, though apparently directly contra to the later holding in the Jang case, supra, and thus with our holding in this case, is based, we believe, upon an erroneous interpretation of the language in the case of People v. McAllister, supra, the court failing to distinguish between subdivisions (1) and (2) of the statute with which we are presently concerned.

█ The Washington court points out in the Benson case, supra, that under circumstances such as are shown here the offeror could only be prosecuted for an attempt to commit the crime of bribery. It might well be that there could be a prosecution under the conspiracy statute if two or more were involved. Sec. 43-1101, A.C.A.1939. We appreciate the fact that our interpretation renders nugatory the provision of the statute, subdivision (1), relative to offering a bribe to a witness where the offer is rejected. If this produces an absurd or undesirable result the remedy lies with the legislature, for we must interpret the statutes as we find them. We answer the second question in the affirmative.

The third question presented to us is: If an agreement must be proved is it the type of an agreement which requires an offer, a consideration and acceptance before the offer (referred to in the statute and charge) to give can be considered as part of the evidence; is it sufficient under the charge in the information that an offer be made upon a mere statement by the offeror which said statement is understood but not acquiesced in or approved by the offeree?

As the answer to this question is in a large measure embraced within our answer to the second question, and as there is no showing whatever from the recitation of facts that there was "any understanding or agreement", either corrupt or feigned, between defendant Ferraro and Ida Watson, we will not consider this abstract question.

STANFORD, C. J., and LaPRADE, J., concur.