[Crim. No. 9303. Fourth Dist., Div. Two. Mar. 7, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN JOSEPH GLIKSMAN, Defendant and Appellant.

COUNSEL

John N. Flood, Monroe & Riddet and Keith C. Monroe for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Richard D. Garske, Patricia D. Benke, and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MORRIS, J.**—Defendant, Stephen Gliksman, appeals from a judgment of conviction of two counts of receiving or offering to receive a bribe by a witness (Pen. Code, § 138).

In February of 1974, defendant and his girl friend, Deborah Rayner, were involved in an accident. Deborah, who was injured in the accident, and her mother, Mrs. Rayner, brought a personal injury action against persons allegedly responsible for the accident.

Viewing the evidence in a light most favorable to the judgment, it shows that in July 1976, defendant telephoned Mrs. Rayner and later her attorney, Mr. Thomason, several times to talk about being paid a sum of money (initially $10,000, later $20,000 and finally $25,000) for his testimony, which, if favorable, could increase recovery in the personal injury suit by half a million dollars. Thomason contacted the district attorney's office, which arranged to have some of the conversations recorded. As a result of his communications with Mrs. Rayner and Thomason, defendant came to Thomason's office where he signed a written statement and was given $25,000. He was arrested as he was putting the money in his jacket.

Defendant's numerous contentions can be treated most conveniently by first focusing on the specific jury instructions of which defendant complains and then considering the remaining contentions.

Defendant urges that the jury instruction given by the court to define an agreement to receive a bribe was improper. The instruction (CALJIC No. 7.09 somewhat modified), as given, reads:

"To constitute agreeing to receive a bribe, it is not necessary to establish that there was a mutual understanding, in the sense of an agreement, with the person from whom the bribe was solicited.

"It is, however, necessary to establish that the bribe seeker himself agreed or consented to receive a bribe upon a representation on his part that his ~~official action would be influenced~~ testimony as a witness would be influenced.

"It is immaterial that the person from whom a bribe is solicited does not intend to bribe such ~~official~~ witness or agree to do so."

■ Defendant first contends that the court erred in using the word "would" rather than "shall" in the second paragraph. He argues that Penal Code section 138 uses the term "shall" and that substituting the word "would" alters the burden of proof required of the People. The confusion regarding the proper tense (see Fowler, Modern English Usage (2d ed. 1965) p. 547), while perhaps disquieting, is not central to the issue. In the context of this instruction and modern usage, there is little significant difference between the meaning of the two terms; the use of "would" is consistent with the statute and is proper. (See, *id.,* at pp. 550, 713-714.) In any event, defendant's contention that the burden of proof varies with the term used places a meaning on the word "shall" that is entirely inappropriate to the context and implies that some certainty that the testimony actually be influenced is required. Of course, there is no such requirement. (Cf. *People* v. *Schultz* (1937) 18 Cal.App.2d 485, 487 [64 P.2d 440].)

■ Defendant next contends that, contrary to the first paragraph of the instruction, Penal Code section 138 requires the People to prove the existence of a mutual understanding. Penal Code section 138 reads, in pertinent part, as follows: "Every person who is a witness, or is about to be called as such, who receives, or offers to receive, any bribe, upon any understanding that his testimony shall be influenced thereby . . . is guilty of a felony." Relying on *In re Jang* (1938) 25 Cal.App.2d 529 [78 P.2d 250], as interpreted by 2 Witkin, California Crimes (1963) section 826, defendant seems to argue that this means there must be a "meeting of the minds" in the sense of an actual express agreement to which both parties assent intending to consummate the transaction. In their brief the People concede that an understanding is necessary, although they disagree with defendant as to "how much" of an understanding need be shown, and argue that in any event the understanding may be shown by

circumstantial evidence, citing *People* v. *Terry* (1955) 44 Cal.2d 371 [282 P.2d 19]. The matter is not quite that simple; there is no dispositive California authority on the question whether a mutual understanding or agreement is an essential element of the crime of receiving or offering to receive a bribe as defined by Penal Code section 138.

*In re Jang, supra,* 25 Cal.App.2d 529, involved Penal Code section 137 which reads, in pertinent part, as follows: "Every person who gives or offers, or promises to give, to any witness, or person about to be called as a witness, any bribe, upon any understanding or agreement that the testimony of such witness shall be thereby influenced . . . is guilty of a felony." The petitioner in that case argued that the evidence failed to establish the existence of any agreement between himself and the bribe-receiver. The court noted at page 532: "It has been held in effect that the use of the words 'agreement' or 'understanding' in statutory provisions denouncing bribery as a crime necessarily carries with it the essential concept of a corrupt bargain (*People* v. *Weitzel,* 201 Cal. 116 . . .), and as said in the decision in the case just cited, there can be no agreement or understanding without a meeting of minds—a person cannot agree with himself." Finding that there never was any such meeting of minds, the court held that the evidence failed as a matter of law to establish the essential elements of the offense.

In *People* v. *Weitzel* (1927) 201 Cal. 116 [255 P. 792, 52 A.L.R. 811], relied upon by the *Jang* court, the defendant was convicted of bribery under Penal Code section 165, which, at that time, read in pertinent part as follows: ". . . every member of any of the bodies mentioned in this section [common council, board of supervisors, etc.] who receives or agrees to receive any bribe upon any understanding that his official vote, opinion, judgment or action shall be influenced thereby . . . is punishable . . . ." The indictments charged that defendant did wilfully, etc., "agree to receive" a bribe. Noting that the above portion of the statute originally referred to every member of any such body "who receives or offers to receive" any such bribe, and that the Legislature had amended this language in 1905 to read: "who receives or agrees to receive" the court concluded that, in order to give effect to this amendment, the crime of *agreeing* to receive a bribe could not be established without showing an agreement. Quoting at length from *People* v. *Coffey* (1911) 161 Cal. 433 [119 P. 901] and *United States* v. *Dietrich* (D.Neb. 1904) 126 F. 659, the court was careful to distinguish the crimes of asking or soliciting or offering a bribe because these may be the act of a single person and may

occur without any concurrent act of another. (*People* v. *Weitzel, supra,* at pp. 119-121.)[1]

Implicitly recognizing the unilateral nature of such acts, the courts, in numerous cases involving bribery statutes with language similar to that in Penal Code section 138, have held that these crimes do not require a mutual understanding or agreement. (See, e.g., *People* v. *Squires* (1893) 99 Cal. 327 [33 P. 1092] [Pen. Code, § 93: "asks, receives, or agrees to receive any bribe upon any agreement or understanding"]; *People* v. *Montgomery* (1976) 61 Cal.App.3d 718 [132 Cal.Rptr. 558] [Pen. Code, § 165: "receives, or offers or agrees to receive any bribe upon any understanding"]; *People* v. *Vollmann* (1946) 73 Cal.App.2d 769 [167 P.2d 545] [Pen. Code, § 68: "asks, receives, or agrees to receive, any bribe, upon any agreement or understanding"].)

The necessity of an actual agreement or understanding has troubled courts in other jurisdictions with similar statutes. In *State* v. *Emmanuel* (1953) 42 Wn.2d 1 [253 P.2d 386], the Supreme Court of Washington, relying partially on the pattern it perceived in the California decisions, distinguished between the crime of giving or offering a bribe and the crime of asking or receiving a bribe, requiring an actual agreement or understanding to be shown for the former but not for the latter. The Supreme Court of Arizona, called upon to interpret an exact counterpart of section 137 of the California Penal Code, decided that an actual agreement was an essential element of the offense, relying in part on *In re Jang, supra,* 25 Cal.App.2d 529. (*State* v. *Ferraro* (1948) 67 Ariz. 397 [198 P.2d 120].) The *Ferraro* court acknowledged the fact that its interpretation "renders nugatory the provision of the statute . . . relative to offering a bribe to a witness where the offer is rejected. If this produces an absurd or undesirable result the remedy lies with the legislature, for we must interpret the statutes as we find them." (*Id.,* at p. 402 [198 P.2d at p. 123].) We do not think it necessary to resort to an apparently arbitrary distinction or to reach a result at odds with some of the language of the statute.[2]

---

[1]After *Weitzel* the Legislature quickly amended Penal Code section 165 to read: ". . . who receives, or offers or agrees to receive . . . ." (Stats. 1927, ch. 680, § 1, p. 1152.)

[2]Although the Supreme Court in *People* v. *Terry, supra,* 44 Cal.2d 371 at page 375, referred, without criticism, to the holding in *In re Jang, supra,* 25 Cal.App.2d 529, the decision in *Terry* does not compel the interpretation of section 138 urged by defendant. The court did not clearly embrace the interpretation adopted in *In re Jang,* but in its analysis focused on the language of the statute.

The Court of Criminal Appeals of Alabama recently reviewed the cases dealing with this problem and in a well-reasoned opinion concluded that a more reasonable interpretation of a statute such as Penal Code section 137 is to the effect that the requisite state of mind involved is that of the bribe-giver, offeror, or promisor and that as to a statute such as Penal Code section 138, the requisite state of mind is that of the actual or potential bribe-taker, and that an agreement between the two is unnecessary. (*Staggs* v. *State* (1974) 53 Ala.App. 314 [299 So.2d 756].) In rejecting the view that a meeting of the minds of the parties is necessary to the commission of the crime defined by the statutes, the court noted that some of the courts entertaining that view have rationalized that a real meeting of the minds is not necessary, but that a feigned accomplice is sufficient. "It seems to us," the court continued, "that such an unwholesome result tends to vivify the unreasonableness of the view. It would mean that the Legislature intended to place a witness of probity in a position that he must either forthrightly reject the proposal, and thereby absolve the wrongdoer, or deal with him insincerely in order for the crime to be complete. However commendable under the circumstances the latter action would be considered by some, a witness should be free to decline to take it." (*Staggs* v. *State, supra,* 53 Ala.App. 314, 323 [299 So.2d 756, 764].)

As with the statute before the *Staggs* court, each of the words of action in Penal Code section 138 (receive or offer to receive) is basically unilateral. Each can be conditional or unconditional. Indeed, as recognized by the *Ferraro* court, it is difficult to conceive of an offer as other than unilateral. If the Legislature had intended that a mutual understanding is essential, it could have reasonably provided that the essence of the crime be "entering into an agreement" or "agreeing" with another to be bribed. The language of Penal Code section 138 does not compel us to hold that the determination whether the crime has been committed by one who has completed the unilateral acts described therein is to be governed by the acts and intentions of another. (See *Staggs* v. *State, supra,* 53 Ala.App. 314, 323 [299 So.2d 756, 764]; cf. *United States* v. *Canella* (S.D.Cal. 1945) 63 F.Supp. 377, 378-379.)

We conclude that the language "upon any understanding that his testimony shall be influenced thereby" means that such is the condition upon which the bribe is received or the offer to receive is made. When the bribe is received or the offer is made on that condition, express or implied, the crime is committed. (Cf. *Staggs* v. *State, supra,* 53 Ala.App. 314, 324 [299 So.2d 756, 764].) It is the state of mind of the actual or

potential bribe-receiver that is determinative; a bilateral agreement is not necessary. In reaching this conclusion, we give meaning to all of the language of the statute without rendering any part nugatory, and by recognizing the unilateral character of the words of action, which indicate the gist of the offense, we do little more than what was done implicitly in the many cases interpreting analogous statutory language that hold a mutual agreement is not necessary. (See, e.g., *People* v. *Squires, supra,* 99 Cal. 327; *People* v. *Montgomery, supra,* 61 Cal.App.3d 718; *People* v. *Vollmann, supra,* 73 Cal.App.2d 769; *People* v. *Brigham* (1945) 72 Cal.App.2d 1 [163 P.2d 891]; *People* v. *Schultz* (1937) 18 Cal.App.2d 485 [64 P.2d 440]; *People* v. *Kerns* (1935) 9 Cal.App.2d 72 [48 P.2d 750]; *People* v. *Fitzpatrick* (1926) 78 Cal.App. 37 [247 P. 601]; *People* v. *Powell* (1920) 50 Cal.App. 436 [195 P. 456].)

■ Defendant requested a jury instruction reading as follows: "The crime of bribery is a specific intent crime. . . . [¶] A specific intent is not inferred from the mere act of offering money, or offering to receive money. . . . [¶] The defendant in this case must have the specific *intent to falsify evidence which will be presented to the court by him.* [¶] The defendant must have the specific intent to offer to give false evidence to the court itself, i.e., to defraud the court by giving false evidence to the court. [¶] This crime is not committed by 'dickering' with another person, if defendant has no intention of actually giving the testimony in court, or to the court." (Italics in original.) The trial judge declined to give this instruction and in giving CALJIC Nos. 3.31 and 2.02 (1975 rev.) modified them to refer to a "mental state" rather than a "specific intent." Defendant contends that the crime defined by Penal Code section 138 is a specific intent crime and that the actions of the trial judge on these instructions were in error.

■ Penal Code section 7, subdivision 6, defines a bribe as anything of value, etc., "asked, given, or accepted, with a corrupt intent to influence, unlawfully, the person to whom it is given, in his action, vote, or opinion, in any public or official capacity." The various bribery statutes are to be read in conjunction with this requirement of corrupt intent to influence official action. (See, *People* v. *Silver* (1946) 75 Cal.App.2d 1 [170 P.2d 80]; 2 Witkin, Cal. Crimes (1963) § 824, p. 775.)

■ While the parties have not referred us to any authority specifying the mental element required for the crime defined in Penal Code section 138, nor have we found any, we think the import of section 7, subdivision 6, is to require that the receipt or offer to receive be

coupled with a corrupt intent to be influenced in one's official action, i.e., testifying. Defendant's requested instruction, however, referring to an intent to falsify evidence and defraud the court, is much more specific and restrictive than the law requires. The effect of defendant's interpretation would be to punish only witnesses who intend to be influenced to give false testimony, but not those who intend to be influenced with regard to their testimony in other ways, e.g., to withhold true testimony. In Penal Code section 138 the Legislature specified that the crime can also be committed when the witness intends to be influenced to absent himself from the trial or proceeding in which his testimony is required. Penal Code section 137, which makes it a crime to give or offer a bribe to a witness upon any understanding that the witness' testimony will thereby be influenced, also specifies that it is a crime to attempt by any other means fraudulently to induce any person to give or withhold true testimony. We see no indication that the Legislature, when it used the general term "influenced," intended, as defendant suggests, to treat one who would condition the giving of true testimony upon the payment of a bribe any differently than one who would give false testimony upon the payment of a bribe. (Cf. *People* v. *McAllister* (1929) 99 Cal.App. 37 [277 P. 1082], interpreting Pen. Code, § 137.) "It is sufficient if, under all of the circumstances, the parties understand that the testimony will be influenced in some manner by the giving of the bribe." (*People* v. *Terry, supra,* 44 Cal.2d 371, 377, affg. a conviction under Pen. Code, § 137 where the attempt was to influence the witness to "go easy on the evidence.") The trial judge instructed the jury on this point as follows: "[T]he necessary mental state is that his testimony shall be corruptly influenced by the bribe." While perhaps a more artful instruction could be devised, we think this, in conjunction with the other instructions given, adequately conveys the thought that the defendant must act with the corrupt intent to be influenced in his official action. The fact that the trial judge used the term "mental state" rather than "specific intent" is, by itself, of no consequence as long as the substance of the instructions was correct. As stated in *People* v. *Faubus* (1975) 48 Cal.App.3d 1 at page 5 [121 Cal.Rptr. 167]: "[T]he characterization of a crime as one of specific intent has little meaningful significance in instructing a jury. The critical issue is the accurate description of the state of mind required for the particular crime."

■ Defendant next contends that Penal Code section 138 as applied to him was unconstitutional because the statute and the instructions were too vague to conform to the dictates of due process. (See 1 Witkin, Cal. Crimes (1963) §§ 19-27.) He argues, without further specification, that

one cannot know exactly what are the elements of the crime. We think the statute is sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties.

Defendant makes numerous other contentions, many of which hinge on the issues already discussed; these contentions have been considered and found devoid of merit.

The judgment is affirmed.

Gardner, P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied March 23, 1978, and appellant's petition for a hearing by the Supreme Court was denied June 1, 1978.