**Monty Joe LOVELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Sept. 18, 1985.

James T. Gilbert, Coy, Coy & Gilbert, Richmond, for appellant.

Robert V. Bullock, Asst. Atty. Gen., David L. Armstrong, Atty. Gen., Frankfort, for appellee.

Before COMBS, McDONALD and WIL-HOIT, JJ.

WILHOIT, Judge.

Monty Joe Lovell appeals from his conviction in the Madison Circuit Court of the offense of agreeing to accept a sum of money to influence his vote as a member of the Richmond City Commission. He received a sentence of imprisonment for one year.

The appellant contends that the Commonwealth failed to prove that he *agreed* to accept money and that at most the evidence

showed that he talked about what it would take to influence him. According to the appellant, in order to establish that he had agreed to accept money for his vote the statute requires that the prosecution show an "agreement" in the sense that there must have been proof showing "a coming or knitting together of minds, ... a concord of understanding and intention between two or more parties[.]" *Black's Law Dictionary* 89 (4th ed. 1968). KRS 521.020(1)(b) renders a person guilty of the offense of bribery of a public servant when

> [w]hile a public servant, he solicits, accepts or agrees to accept any pecuniary benefit upon an agreement or understanding that his vote ... as a public servant will thereby be influenced.

The indictment charged that the appellant and two codefendants

> committed the offense of Bribery of a Public Servant by *agreeing to accept a sum of money in order to influence their votes* as members of the Richmond, Kentucky City Commission.

(Emphasis added.)

■ In support of his construction of the statute, the appellant cites *People v. Weitzel*, 201 Cal. 116, 255 P. 792, 52 A.L.R. 811 (1927). In that case, the California Supreme Court held the phrase, "agrees to receive," in a bribery statute punishing any member of a city council "who receives or agrees to receive any bribe[,]" 52 A.L.R. at 813, to contemplate the cooperation of another and to require a meeting of the minds of two persons. Because of the legislative history of the statute, the California court believed its intent was not to punish the solicitation of a bribe or an unaccepted offer to take a bribe. By contrast, it is plain that KRS 521.020 intends to punish the solicitation as well as the acceptance or agreement to accept a bribe. Thus, we can see no reason why the Legislature would have intended to restrict the term "agrees to accept" only to situations involving an agreement reached between two parties, although that is certainly included. The policy of this statute is to proscribe unilateral as well as bilateral acts of a public

servant with respect to bribery. We, therefore, conclude that a unilateral agreement or offer to accept money in return for voting in a certain way falls within the meaning of the term "agrees to accept." We also believe that the statutory language "upon an agreement or understanding" found in KRS 521.020(1)(b) refers to the state of mind of the public servant and the condition upon which his agreement to receive or his acceptance of the bribe is made. *Cf. Staggs v. State*, 53 Ala.App. 314, 299 So.2d 756 (Crim.App. 1974); *People v. Gliksman*, 78 Cal.App.3d 343, 144 Cal.Rptr. 451 (1978).

■ The jury was presented with sufficient evidence from which it could have found beyond reasonable doubt that the appellant unilaterally agreed to accept money in return for his vote.

■ Next, the appellant argues that the trial court erred in admitting into evidence and permitting the jury to hear a tape recording of a conversation between a witness, Art Payne, who testified at trial for the prosecution, and another individual, "Boots" Hendricks, who was not called as a witness by the prosecution. At trial, the appellant objected to the admission of the recording on the ground that it was hearsay. On appeal, he makes this same objection and also raises a question as to whether the playing of the recording before the jury violated his right to confront the witnesses against him as secured by both the Federal and State Constitutions. Any error in this respect, if any there were, was certainly rendered harmless when the appellant called "Boots" Hendricks as his own witness. During cross-examination of this witness, and without objection, the prosecution elicited from him that he had in fact made the statements to Mr. Payne as recorded on the tape.

■ The appellant also argues that all of the tape recordings of telephone conversations admitted into evidence should have been suppressed even though a party to the conversations made the recordings. This argument is based upon the provision

of 18 U.S.C. § 2515 which prohibits the reception into evidence in a state trial of wire or oral communications obtained "in violation of this chapter." 18 U.S.C. § 2511(2)(d) prohibits the interception of a communication between parties by one of them when the interception is made "for the purpose of committing any tortious act ... or for the purpose of committing any other injurious act." The appellant maintains that the recordings in question were made by one of the parties to each of the conversations for the purpose of blackmail. After a suppression hearing held before the first trial of this case, the judge found upon conflicting evidence that the recordings had not been made for the purpose of blackmail and concluded that they were not made in violation of the federal statute. At the trial from which this appeal is taken, another judge was ambivalent at first in ruling upon this question and noted that the evidence was in conflict and "that's a question for the jury." Ultimately, however, the judge denied the motion to suppress, stating "I think some of those are close questions but I'm going to overrule your motion." No request was made for specific findings of fact on this question. See CR 52.04; RCr 13.04; *Blankenship v. Commonwealth*, Ky.App., 554 S.W.2d 898 (1977). The evidence bearing upon it did not require the trial judge to find in favor of the appellant. It is quite clear that the appellant again failed to meet his burden of persuading the factfinder that the recordings were made for the purpose of blackmail; the implicit finding to the contrary was not clearly erroneous.

We believe the integrity and authenticity of the recordings was properly established by the prosecution. See *Carrier v. Commonwealth*, Ky.App., 607 S.W.2d 115 (1980).

Other questions raised by the appellant have not been preserved for our review. See RCr 9.22. Had these matters been raised before the trial court at the appropriate time, any possible error or prejudice to the appellant could have been avoided. The jury could have been recommitted to correct its verdict if the appellant believed himself prejudiced thereby, see *Foster v. Commonwealth*, Ky., 507 S.W.2d 443 (1974), and it could have been ascertained whether the jury listened to the recordings during their deliberations. As the record now stands, there is absolutely no evidence that the jury did this and some evidence that it could not have if it tried.

This case does not present a situation of such obvious uncertainty and prejudice as that in *Brown v. Commonwealth*, Ky., 445 S.W.2d 845 (1969), but a situation more akin to that in *Hall v. Commonwealth*, 283 Ky. 778, 143 S.W.2d 495 (1940). *See also Hall v. Commonwealth*, Ky., 402 S.W.2d 701 (1966).

The judgment of the trial court is affirmed.

All concur.