THE STATE OF KANSAS, *Appellee,* v. GEORGE SILLS AND THOMAS MCDONALD, *Appellants.*

No. 17,691.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Inducing Witness to Absent Himself—Consent.* In a prosecution under a statute making it a misdemeanor to induce a witness to absent himself from a trial, where the information charges that such result was accomplished by abducting and carrying away the witness, proof that the witness consented to being taken away is not fatal to a conviction.

2. ——— *To be a "Witness" no Subpœna Need be Served.* In order that one shall be deemed a "witness" within the meaning of that statute it is not necessary that he shall have been served with a subpœna.

Appeal from Kingman district court. Opinion filed November 11, 1911. Affirmed.

*Chas. C. Calkin,* for the appellants.

*John S. Dawson,* attorney-general, and *S. S. Alexander,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: George Sills and Thomas McDonald were convicted of a misdemeanor, and appeal. The statute under which they were prosecuted reads as follows:

"Every person who shall, by bribery, menace or other

means, directly or indirectly, induce or attempt to in-
duce any witness to absent himself, or avoid a sub-
pœna or other process, or to withhold his evidence, or
shall deter or attempt to deter him from appearing or
giving evidence in any cause, matter or proceeding,
civil or criminal, shall on conviction be adjudged guilty
of a misdemeanor." (Gen. Stat. 1868, ch. 31, § 155,.
Gen. Stat. 1909, § 2647.)

The information charged that while a criminal prose--
cution was pending in Reno county against George·
Sills, upon the charge of rape, alleged to have been
committed upon one Lydia Brown, a girl sixteen years.
of age, who was a material witness therein, the de-
fendants, "directly and indirectly, by abducting and
carrying away the said Lydia Brown from her home
and the home of her parents, in Kingman county, Kan-
sas, to a point outside the state of Kansas and beyond.
the jurisdiction of the district court of Reno county,
Kansas, did unlawfully and corruptly induce the said
Lydia Brown to absent herself from the jurisdiction of
the district court of Reno county, Kansas, for the pur-
pose of avoiding the giving of her testimony before the·
said district court of Reno county, Kansas, and to with-
hold the evidence of the said Lydia Brown from the said
district court of Reno county, Kansas, and did then and
there, directly and indirectly, by means of the said ab-
duction and carrying away of the said Lydia Brown,
unlawfully and corruptly deter and attempt to deter the
said Lydia Brown from appearing or giving her evi-
dence in the aforesaid criminal cause then pending
before the said district court of Reno county, Kansas,
against the said George Sills."

At the trial of Sills and McDonald the state intro-
duced evidence showing or tending to show these facts:

On November 20, 1910, Sills was arrested, charged
with rape upon Lydia Brown, who swore to the com--
plaint. On the next day he waived a preliminary ex--
amination and was bound over to the district court,
giving bail for his appearance at the next term, which.

began January 3, 1911. The transcript of the proceedings before the justice of the peace was filed in the district court December 9, 1910, and the information was filed on the day following. On December 7 Lydia Brown left her home in Kingman and went to a hotel, where she met Sills. In pursuance of arrangements made by him, in the carrying out of which he was assisted by a number of other persons, including McDonald, she was taken from Kingman in an automobile, and at a distance of some thirty miles took a train to Alva, Okla., where on the next day her companion was arrested. She went voluntarily, in the sense that there was no evidence of the use of any force or threats.

The principal contention of the defendants is that the charge in the information that they induced the witness to absent herself, and deterred her from appearing, is limited by the allegation that they did so by abducting and carrying her away; that in order to convict, the state was required to prove that the offense had been committed by the means specified, namely, by a forcible abduction; and that as the evidence showed that no force was used, there was a failure of proof upon a material part of the charge. The statute makes it a misdemeanor to induce a witness to fail to appear, by any means. It was not necessary for the information to set out the method employed. The allegations in that respect were surplusage and might perhaps be wholly disregarded. It is sometimes said that allegations which need not have been made must be proved if they serve to describe an essential element of the crime. (22 Encyc. Pl. & Pr. 533; 4 A. & E. Ann. Cas. 756; 13 A. & E. Ann. Cas. 311.) That rule has at times been carried beyond what was necessary to promote the ends of fairness and justice. A conviction ought not to be set aside because an unnecessary allegation remains unproved, unless there is reason to believe the accused has suffered substantial prejudice by reason of it. Here it is plain that the defendants were not

misled by the use of the words "by abducting and carrying away." They were obviously not used as technical terms, since the prosecution was not for abduction. The language of the information (following the statute) was that the witness was "induced" to absent herself; this implied consent on her part; and inducing her to leave by providing a conveyance and otherwise aiding her departure was in a sense carrying her away.

At the time Lydia Brown left Kingman no subpœna had been issued for her. The defendants maintain that therefore she was not a "witness" within the meaning of the statute. Complaint is also made that the county attorney was permitted to testify that she was a witness, the testimony being objected to as a mere conclusion. As she was shown to be the person on whom the rape was alleged to have been committed, and who swore to the complaint, the facts that made her a witness were fully brought out, and there could be no serious objection to the statement of the ultimate fact or conclusion. It was not necessary that process should have been served upon her in order that she might be a witness within the meaning of the statute. This is manifest, because one of the acts forbidden is inducing a "witness" to avoid a subpœna. Some statutes penalizing the interference with witnesses are expressly made applicable only where process has been served. But in the absence of explicit language to that effect similar statutes are deemed to apply where the witness is not under subpœna. (*Commonwealth v. Berry,* 141 Ky. 477, 133 S. W. 212, 33 L. R. A., n. s., 976, and cases cited therein, and in the note thereto.)

When the case was called for trial the state was allowed to dismiss as to two of five defendants originally named, and to endorse their names upon the information as witnesses. This is complained of, but the course taken is expressly authorized by the statute. (Crim. Code, § 229.) Complaint is also made of the

denial of an application by the remaining defendants for separate trials. This is a matter concerning which the statute expressly gives the court discretion. (Crim. Code, § 218.)

In behalf of McDonald it is urged that there was no evidence that he took part in getting the girl away, or at all events no evidence that he did so with any knowledge that she was a witness against Sill. There was testimony that he was present when the girl left the hotel at Kingman, and told the man who went with her to get his overcoat; that the next day he was at Enid watching the trains for her, in company with a woman who had been aiding Sill in his efforts to get her away; that the two returned to Kansas on learning by wire that the girl and her companion had got no further than Alva. The evidence is clear that Sill was endeavoring to get the witness away so that she would not appear against him; that he was aided by several others, and that McDonald to some extent was coöperating with them. There was some room for a reasonable inference that McDonald knew, at least in a general way, of the purposes of the plot, and of its unlawful character, and was guilty of aiding and abetting Sill in carrying it out.

An instruction was asked to the effect that admissions of one of the defendants could only be considered by the jury as tending to establish the guilt of the one making them. The refusal to give this instruction is complained of. There seems to have been no evidence of an admission of such a character as to make the instruction necessary.

The judgment is affirmed.