[Civ. No. 4132. Fourth Dist. Feb. 21, 1950.]

MAYBELLE COX EVANS et al., Petitioners, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

Maybelle Cox Evans and Wardwell D. Evans, in pro. per., for Petitioners.

Jerome B. Kavanaugh, District Attorney, and Theo. G. Krumm, Chief Deputy District Attorney, for Respondents.

BARNARD, P. J.—This is an application for a writ of prohibition, brought under section 999a of the Penal Code.

On June 27, 1949, a preliminary examination was held in the Justice's Court of San Bernardino Township, in the case of *People* v. *Paul Sorenson*, in which the defendant was charged with pimping and pandering. The court made an order holding the defendant to answer, ordering him committed to the custody of the sheriff, and fixing bail. Admittedly, this order, with the complaint upon which it was indorsed, was immediately delivered to the clerk of the superior court, and an information based upon said order was filed in that court on July 8, 1949.

On December 2, 1949, an information was filed in the superior court charging the petitioners herein with a violation of section 138 of the Penal Code. It was charged that on July 2, 1949, they offered to receive and did receive a bribe of $100 upon an understanding and agreement that Maybelle Cox Evans would not attend upon the trial and hearing of the case of *People* v. *Sorenson,* then pending in the superior court, she being a person about to be called as a witness in that action and proceeding. On December 9, 1949, these petitioners moved, under section 995 of the Penal Code, to have this information set aside on the ground that they had been committed without reasonable or probable cause. This motion was denied and the cause set for trial. Petitioners then applied to this court for a writ prohibiting further proceedings in that matter.

The sole contention here made is that no action against Paul Sorenson was "pending" in the superior court on July 2, since the information was not filed until July 8, and that anything done on July 2 by the petitioners could not have constituted a violation of section 138. It is argued that since no such action was pending on July 2, Maybelle Cox Evans could not then have been a person about to be called as a witness in said action or proceeding, as charged in the information.

In support of this contention petitioners rely upon the case of *People* v. *Thompson,* 84 Cal. 598 [24 P. 384]. That case involved the admissibility into evidence of a conditional deposition taken pursuant to the provisions of sections 879 and 882 of the Penal Code. Under these provisions such a deposition could be taken only when certain things appeared to the satisfaction of the judge of the court in which "the action is pending." It was held that these conditions were not met

and that no action was pending in that court when the deposition was taken, since neither a valid information nor any commitment of any kind from the committing magistrate had then been filed in the superior court. It was, therefore, held that at the time the deposition was taken there was nothing before the superior court which gave it jurisdiction to try the defendant.

In the instant case, it appears that a valid order holding the defendant to answer in the case of *People* v. *Paul Sorenson* had been filed in the superior court on June 27, 1949. The district attorney had 15 days thereafter in which to file the information. (Pen. Code, § 809.) Whether it may be said, technically, that an action is pending in the superior court in the interval between the filing of the holding and commitment order and the filing of the information, there is at least an existing "proceeding" which is preliminary to, and which normally leads to, a "trial."

Section 138 of the Penal Code is not, by its terms, specifically made applicable only where an action in a particular court is actually pending. It refers to one "who is a witness, or is about to be called as such." While it refers to the "trial or proceeding" upon which the person's testimony is required this reference is general and there is no express limitation confining it to an action that is actually pending.

In *People* v. *McAllister*, 99 Cal.App. 37 [277 P. 1082], in discussing section 137 of the Penal Code, the court said:

"At the outset it must be remembered that this is a law primarily to prevent the corrupt interference with the administration of justice. Its purpose is to go back as far as necessary and say in effect that any attempt to so influence prospective witnesses that the truth will not be presented in an anticipated litigation is felonious. . . . True, a person cannot be a witness unless there is an action pending, but a person may be about to be called as a witness even though no action is pending. . . . No reason is suggested nor is one apparent why it should be unlawful to attempt to bribe or otherwise persuade someone to later defraud the court as a witness if the attempt be made while an action is pending, but if the same effort to obstruct justice were used just before the action were begun it should be exempt from condemnation and entitled to the approval and sanction of the law.

"The term 'or person about to be called as a witness' in the first part of the section, it seems clear, was used with the legislative intent of including within its denouncement all

offers of bribes to any person in contemplation of his becoming a witness.''

In the respect here in question we see no material difference between the effect of section 138 and that of section 137. Each section covers the influencing or withholding of ''testimony,'' a thing which relates to some trial or proceeding. While section 138 mentions a ''trial'' it has no such limiting word as ''pending,'' and the language is broadened to include a ''proceeding.'' Section 137 covers the giving of a bribe, and section 138 the receiving of a bribe. No good reason appears for assuming that the Legislature intended to make the one applicable where no case was actually pending, and to make the other inapplicable unless an action was then pending. There is even less reason to believe it was intended to make the acceptance of a bribe unlawful if it occurred immediately after an information was filed, but to relieve it from the effect of the statute if it occurred after the filing of the holding order but before an information could be filed. We think that such a race as is thus suggested was neither invited nor intended.

A holding order had here been filed, before July 2, and at least a proceeding was then pending in the superior court in the Sorenson matter. It is not questioned that Maybelle Cox Evans was a material witness in that proceeding, or that her testimony would be further required before that proceeding was completed. It sufficiently appears that the acts here charged constituted an offense within the meaning of section 138.

The alternative writ is discharged, and the petition for a peremptory writ is denied.

Griffin, J., and Mussell, J., concur.

Petitioners' application for a hearing by the Supreme Court was denied April 20, 1950.