ANTHONY FOX, Appellant, *v*. SHERIFF, CLARK
COUNTY, NEVADA, Respondent.

No. 6017

January 16, 1970                    467 P.2d 1022

*Flangas & Stone,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin,
Jr.,* District Attorney, and *Larry C. Johns,* Deputy District
Attorney, Clark County, for Respondent.

## OPINION

By the Court, Zenoff, J.:

This is a case of attempted bribery of a prospective witness
who had participated in a narcotics "buy" for which appellant
Anthony Fox was arrested.

On or about April 26, 1969, after Fox's arrest in January of
1969 which immediately followed the purchase of the narcotics
from Carl Kaden, Lonnie Champion and Anthony Fox went to
Kaden's home and allegedly offered him $500 to leave town
before the preliminary hearing took place. At the time of the
alleged attempt to induce Kaden to leave town Kaden had not
yet been subpoenaed as a witness nor was he officially informed

of any proceedings. Kaden reported the attempted bribe for which Fox was arrested. A preliminary hearing took place on this charge on May 6, 1969 from which Champion was released but Fox was bound over for trial.

Kaden had testified that he agreed to take the $500 and leave town but only because he wanted Fox and Champion to leave his home and this was his ruse to get them to leave. No payment to Kaden was made because that was to take place just before Kaden was to leave the area. Fox allegedly told Kaden he wanted him to leave town because his testimony would be unacceptable since Kaden was an ex-felon. Fox was certified for trial for violation of NRS 199.240,[1] the bribing of a witness to influence his testimony. Subsequently he brought a petition for a writ of habeas corpus on the grounds of insufficiency of the evidence and, further, that what he was charged with was not a crime under the statute.

1. NRS 199.240 requires an agreement or understanding between the giver of the bribe and the receiver. If the giver makes an offer and he reasonably believes that the receiver has accepted, then there is an "understanding" between the parties. Ex parte Jang, 78 P.2d 250 (Cal.App. 1938); People. v. Schultz, 64 P.2d 440 (Cal.App. 1937); People v. McAllister, 277 P. 1082 (Cal.App. 1929); cf. State v. Ferraro, 198 P.2d 120 (Ariz. 1948).

Courts have not usually required that a case be pending before a conviction can be obtained. Evans v. Superior Court, 214 P.2d 579 (Cal.App. 1950); People v. McAllister, supra; People v. Martin, 300 P. 130 (Cal.App. 1931). Kaden's testimony that Fox had informed him at Kaden's home that a preliminary hearing on the narcotics complaint was to be held on June 8, 1969 was the only evidence, in the record at least, that Fox had been charged, but it is of no importance. The fact remains a case was pending whether essential to the crime of bribery or not.

---

[1]NRS 199.240. *Bribing witness.* Every person who shall give, offer or promise, directly or indirectly any compensation, gratuity or reward to any witness or person who may be called as a witness, upon an agreement or understanding that the testimony of such witness shall be thereby influenced, or who shall willfully attempt by any other means to induce any witness or person who may be called as a witness to give false testimony, or to withhold true testimony, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $5,000.

2. The information filed against Fox on the bribery did state that Kaden "will be called as a witness." The Nevada statute requires even less in that it includes the bribing of any "person who may be called as a witness. . . ." No good reason appears to require that a subpoena shall first have had to be issued before a person can be considered a prospective witness. A witness can be a witness without a subpoena.

In all respects the state's burden at the preliminary hearing was met.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.