No. 47,170

STATE OF KANSAS, *Appellee,* v. CLEVELAND REED, *Appellant.*

(516 P. 2d 913)

Opinion filed December 8, 1973.

*Russell Cranmer,* of Michaud, Cranmer, Syrios and Post, of Wichita, argued the cause, and was on the brief for the appellant.

*Larry G. Kirby,* Assistant District Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Keith Sanborn,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the appellant-defendant, Cleveland Reed, was convicted by a jury of the offense of corruptly influencing a witness as provided in K. S. A. 1972 Supp. 21-3806. The record discloses the following factual circumstances: On August 19, 1972, Kitty Dorsey, an employee of the Holiday Laundry in Wichita, Kansas, observed Delores Reed, the common-law wife of Cleveland Reed, take a sum of money from the laundry premises. Delores Reed was subsequently arrested by the Wichita Police Department for theft. On August 22, 1972, while Delores Reed was in custody, Cleveland Reed went to the Holiday Laundry and had a conversation with Miss Dorsey. This conversation was the basis for the charge upon

which the defendant Reed was convicted in the district court. The defendant and Miss Dorsey were not in agreement as to what was said during that conversation. Kitty Dorsey's version of the conversation was as follows: At the beginning Cleveland Reed said, "Oh, so you're the one that put my wife in the hospital." Reed told Miss Dorsey that the police had beaten Delores Reed and that she had lost a three-months baby. Reed advised Miss Dorsey that Delores Reed had told him that Kitty Dorsey gave the money to Delores Reed to do lesbian acts with her. He asked Miss Dorsey if she was a lesbian and she said "no". He then called her a lesbian and told her he was going to press charges against her. According to Miss Dorsey, Reed told her if she had a heart she would not let things go like that. He said that if he did not have such good virtues that he would strangle the life out of her and that he had just "got out of the penitentiary" and that he would go back if he had to. He said if she had a heart she would not press the charge any further because Delores Reed had lost the baby. Reed told Miss Dorsey if she did press charges that she would live to regret it the rest of her life. Kitty Dorsey testified that she was scared and that at one point Reed started toward her and that she told Reed not to touch her. Reed said he was not threatening her; that was just the way it was. According to Miss Dorsey that terminated the conversation. Kitty Dorsey reported the threat to her mother who in turn called the Wichita Police Department. Subsequently Reed was arrested and charged with corruptly influencing a witness.

The defendant Reed's version of the conversation between Kitty Dorsey and himself differs from that presented by Kitty Dorsey. Reed's version was as follows: Reed went into the Holiday Laundry on August 22, 1972, where the conversation with Kitty Dorsey took place. According to Reed he stated to Kitty Dorsey, "I'm the lady's old man that was supposed to have robbed you. Look lady, my old lady was arrested and the police beat her up pretty bad. She's in the hospital. Let me get this straight. Delores tells me one story and now she is charged with robbery and it don't add up." According to Reed his wife Delores had advised him that Kitty Dorsey had offered her money to commit lesbian or homosexual acts with her. Essentially it was Reed's version that he was angry because Kitty Dorsey had made homosexual or lesbian offers to his wife and that he had threatened her, not for the purpose of

attempting to deter her from testifying as a witness against Delores Reed in a criminal proceeding, but solely to discourage Kitty Dorsey from taking his wife away from him in a lesbian relationship. The jury found the defendant Reed guilty as charged and sentence was imposed. The defendant has brought a timely appeal to this court claiming a number of trial errors.

The defendant contends that the trial court erred in denying his motion of acquittal made at the close of the state's case. The thrust of defendant's argument is that a person cannot be guilty of corruptly influencing a witness under K. S. A. 1972 Supp. 21-3806 unless there is an action or proceeding pending at the time the witness is threatened. 21-3806 provides as follows:

"21-3806. Corruptly influencing a witness. Corruptly influencing a witness is inducing or attempting to induce any witness by bribery, threat or other means to absent himself from the jurisdiction or to avoid the service of process, or deterring or attempting to deter a witness by such means from giving evidence in any trial or other proceeding, or to testify falsely therein.

"Corruptly influencing a witness is a class E felony."

It should be noted that there is nothing in the statute which specifically requires that an action or proceeding be pending at the time the attempt is made to deter a witness from giving evidence. The question raised is one of first impression in this state. Under our previous statute, K. S. A. 21-708, this court held that in order for a person to be deemed a "witness" within the meaning of that statute it was not necessary that he shall have been served with a subpoena. (*The State v. Sills and McDonald*, 85 Kan. 830, 118 Pac. 867.) That opinion does not discuss whether or not an actual case must be pending in order for a person to be guilty of the offense of attempting to deter a witness from testifying. The implication from the language of the opinion is, however, that a person who has knowledge of facts out of which a criminal prosecution might arise is a "witness" within the meaning of the statute. In several jurisdictions it has been held that to constitute the offense of attempting to induce a person to withhold testimony it is not necessary for the prosecution to prove that an action or proceeding is pending that might be affected by such misconduct. Cases which support this position are *People v. McAllister*, 99 Cal. App. 37, 277 Pac. 1082; *State v. Ferraro*, 67 Ariz. 397, 198 P. 2d 120; *Evans v. Superior Court*, 96 Cal. App. 2d 187, 214 P. 2d 579, and *Fox v. Sheriff*, 86 Nev. 21, 467 P. 2d 1022. We believe that the rule es-

tablished in those cases is sound and should be followed in this state. We therefore hold that K. S. A. 1972 Supp. 21-3806, which makes it an offense to corruptly influence a witness is primarily designed to prevent the corrupt interference with the administration of justice, and its purpose is to go back as far as necessary and say, in effect, that any attempt to so influence prospective witnesses that the truth will not be presented in anticipated litigation is a criminal offense. We agree with the Supreme Court of Arizona in *State v. Ferraro,* supra, that it would defeat the obvious intent of the legislature to restrict the application of such a statute to those persons already served with a subpoena or under legal process to appear in pending actions. To do so would put a premium on the early offering of bribes or threats to prospective witnesses. The corrupt purpose can be equally effected by offers made to those who are as yet only prospective or contemplated witnesses. Hence it follows that the trial court did not err in its refusal in this case to sustain the defendant's motion for acquittal at the close of the state's evidence on the ground suggested by the defendant.

The defendant urges as another point on his appeal that the trial court erred in refusing to permit the defense to explore fully and introduce evidence supporting the defendant Reed's version of his conversation with Kitty Dorsey and in particular those portions relating to alleged lesbian or homosexual advances made by Kitty Dorsey toward Delores Reed. On a number of occasions in the course of the trial the trial court refused to permit counsel for the defendant to mention or to introduce any evidence concerning defendant's belief as to an alleged lesbian relationship between Kitty Dorsey and Delores Reed and its effect upon the defendant's state of mind. On cross-examination of Miss Dorsey, defendant's counsel was not permitted to ask questions on that subject. In his opening statement defendant's counsel sought to relate to the jury the defendant's version of his conversation with Miss Dorsey. The trial court sustained an objection by the state and refused to permit defendant's counsel to go into the subject. When the defendant Reed was called to testify on his own behalf the court refused to permit him to answer any questions as to his conversation with Miss Dorsey about lesbian acts and as to his reason as to why he had threatened her. The trial court's reason for refusing to permit the defense to go into the subject of an alleged lesbian

relationship or to use the word "lesbian" was that it was an improper attempt to impair the credibility of the state's witness not permitted under K. S. A. 60-422 (*c*). The trial court relied upon *State v. Darling*, 208 Kan. 469, 493 P. 2d 216, where we held that it was improper for counsel for the defendant in a criminal action charged with procuring an abortion to inquire into the premarital sexual relations of the pregnant woman and the illegitimacy of the aborted child in order to attack her credibility. Under the circumstances of this case it was error for the trial court to refuse to permit the defense to introduce into evidence those portions of the conversation between the defendant Reed and Kitty Dorsey pertaining to the possibility of a lesbian relationship between Kitty Dorsey and Delores Reed. We believe that in so ruling the trial court denied to the defendant the opportunity to introduce evidence to support the theory of the defense.

When a witness testifies to some part of an oral conversation with the defendant, the defendant may introduce evidence showing his version of the conversation. In *State v. Brown*, 21 Kan. 38, we held that where the prosecution in a criminal case introduces evidence showing a portion of a certain conversation had between the defendant and a third person, the defendant may introduce evidence showing the rest of such conversation. This principle is also supported by *State v. Netherton*, 128 Kan. 564, 279 Pac. 19. The defendant Reed's version of the conversation, which was the basis of the charge of corruptly influencing a witness, was vital to his defense. It was for the jury to hear the evidence and decide who was telling the truth. We hold that the trial court was in error in excluding such evidence on the ground that it was not a proper way to attack the credibility of the state's principal witness, Kitty Dorsey.

The defendant objected to the court's instruction No. 6 which was as follows:

"The defendant is charged with the crime of corruptly influencing a witness. The defendant pleads not guilty.

"To establish this charge, each of the following elements must be proved:

"1. That the defendant Cleveland Reed deterred or attempted to deter a witness, Kitty L. Dorsey, by threat or other means from giving evidence in a trial or other proceeding; and

"2. That this act occurred on or about the 22nd day of August, 1972, in Sedgwick County, Kansas."

The defendant found this instruction objectionable for the reason

that it contained the phrase "or other means". Defendant maintains that the phrase "or other means" had no place in this case because it broadened the charge contained in the information which contained only the words "by threat" and permitted the jury to speculate as to conduct of the defendant which would fall within the phrase "or other means". It is true that the words "or other means" are used in K. S. A. 1972 Supp. 21-3806 which is quoted in full above. We believe, however, that in this case the phrase "or other means" should not have been included in the instruction since the charge in the information was based solely upon a threat by the defendant Reed made to Kitty Dorsey. In a prosecution under 21-3806 where the state relies upon means other than bribery or threat, it should describe with particularity the "other means" in the information in order to enable the defendant to know what he is charged with and to defend against the charge. Furthermore since the term "other means" is somewhat vague an instruction defining that term would serve to clarify for the jury the nature of the charge made against the defendant and should be given if requested by the defendant.

The defendant further complains that the trial court erred in refusing to give a requested instruction on his theory of the case. The record shows that counsel for the defendant did not submit a written requested instruction to the court. During the course of a colloquy between court and counsel in chambers counsel for defendant made this statement:

". . . I think he is entitled to an instruction, something along these lines, 'that a threat made by the defendant for a purpose other than to deter or attempt to deter a witness in a trial or other proceeding from giving evidence, is not a violation of the statute.' "

We agree with the state that a request for an instruction is required to be in writing under K. S. A. 1972 Supp. 22-3414 (3). There is no statutory provision for an oral request for an instruction. Hence we cannot say that the trial court erred in refusing to honor the defendant's oral request for a specific instruction. Both parties to this appeal are in agreement that in a criminal action it is the duty of the trial court to instruct the jury on the law applicable to the theories of both the prosecution and the accused so far as they are supported by any competent evidence. (*State v. Hamrick*, 206 Kan. 543, 479 P. 2d 854; *State v. Runnels*, 203 Kan. 513, 456 P. 2d 16; *State v. Severns*, 158 Kan. 453, 148 P. 2d 488.)

Generally the theory of the accused is adequately set forth in the instructions by including a converse charge under which the jury may find the accused not guilty if any essential element of the crime is not proven, provided such converse charge is preceded in the instruction by a recitation of all essential elements required to be proven, in language the ordinary layman on a jury can understand. (*State v. Runnels,* supra.) In this case the court might well have given the instruction orally requested by defendant's counsel since such an instruction would have clarified for the jury the theory of the defense. As pointed out above, however, it was not reversible error for the court to fail to do so. We have considered the other points raised on this appeal and find them without merit.

For the reasons set forth above the case is reversed and remanded to the trial court with directions to grant the defendant a new trial.