Julius A. Hellenbrand, J.
The defendant moves, pursuant to CPL 330.30 (subd 1) to set aside the verdict of a jury which found defendant guilty of one count of bribing a witness.
Defendant was charged with the crime of bribing a witness under section 215.00 of the Penal Law. The theory of the prosecution was that defendant offered or sought to confer a benefit upon a material witness in a then pending criminal case against him in order that such witness absent herself or otherwise avoid or seek to avoid appearing or testifying at such action or proceeding.
The evidence was based on defendant’s taped conversations that he would pay the witness $1,000; that he would or could provide or make available for use of the witness an apartment in Puerto Rico or on LeGrand Acres in upstate New York. The bribe offer was made by defendant to Lee Tirado, a third party, who was known to defendant and to the witness, with the specific request that the bribe offer be transmitted to the witness.
In one of the conversations during which defendant requested Lee Tirado to contact the material witness, defendant placed $39 in currency in her handbag. The evidence also demonstrated that defendant was under the belief that the third party was in touch with this witness concerning the bribe offer.
Section 215.00 of the Penal Law states as follows: "§ 215.00 Bribing a witness. A person is guilty of bribing a witness when he confers, or offers or agrees to confer, any benefit upon a witness or a person about to be called as a witness in any action or proceeding upon an agreement or understanding that (a) the testimony of such witness will thereby be influenced, or (b) such witness will absent himself from, or other *835 wise avoid or seek to avoid appearing or testifying at, such action or proceeding.
"Bribing a witness is a class D felony.”
The defendant contends that the conviction herein should be set aside as a matter of law by this court because the statute required "an agreement or understanding” between the parties. Since the proof in the case demonstrated that there was no meeting of the minds between the bribe giver (the defendant) and the person to be bribed (the material witness), it is urged that the conviction cannot stand. It is further urged that since the proof in the case admittedly demonstrated that money was not paid nor the offer to bribe the material witness communicated by the third party to the material witness, there is an incompleted attempt at a crime which is not encompassed under the. statute.
In People v Kathan (136 App Div 303, 307), the court had occasion to consider the penal statute of bribery of a public servant. It was pointed out in that case that it is not the payment of money as a bribe which is the crime, but rather the agreement or understanding under which the bribe is given. In a later bribery case, People v Brown (48 AD2d 95), the court there citing in approval the Kathan case, wrote: "Section 200.00 is directed at the bribe giver: a person who confers or offers * * * to confer * * *. The gist of the crime of bribery is the effort to secure an impermissible advantage in the decision-making processes of government.” (Emphasis in original opinion.)
If the Legislature had intended that the "agreement or understanding” referred to in the bribery statutes (Penal Law, art 200) requires a meeting of the minds between the bribe giver and the bribe receiver, it could have very well amended the statute to say so.
The defendant cites the case of Fox v Sheriff (86 Nev. 21) to support his contention. However, the Nevada statute, "NRS 199.240”, requires a specific agreement or understanding between the giver of the bribe and the receiver.
The court now turns to the defendant’s contention that in the absence of the transmittal or communication of the bribe offer to the material witness there is at best an inchoate and incomplete crime which is not covered under the present statute (Penal Law, § 215.00). The defendant cites the case of People v Insognia (281 NYS2d 124, 127; 28 AD2d 771) to support his contention. In that case the People contended that *836 money was passed or sent to a witness by an attorney in order to remain away or to testify falsely. The Appellate Division reversed the conviction in the lower court because there was no proof that the money was indeed passed for an illegal purpose nor that the alleged bribe giver intended to pay a bribe. A close analysis of this case does not support defendant’s contention.
The case of People v Chapman (13 NY2d 97), while not directly in point, does, however, stand for the proposition of law that it is not necessary to allege in an indictment nor pose a question of fact for the jury as to the bribe receiver’s authority to carry out the illicit agreement. The court there held that it was the intent of the bribe giver that governs and not the authority of the bribe receiver to perform or not to perform the illegal act.
This court’s independent research has been able to find only two cases, both outside the jurisdiction of this State, that have dealt directly with the point at issue here, and both of these two cases hold contrary views in interpreting somewhat similar bribery statutes.
In the first and earliest case, State v Lowrie (237 Minn. 240), the indictment, which was one for attempted bribery, at no time charged defendant or his agent had ever made contact with an official sought to be bribed. The defendant there, as here, contended that since the evidence demonstrated that the bribe offer had not been transmitted to the person to be bribed, conviction could not be sustained as a matter of law.
The bribery statute in Minnesota in that case, "M.S.A. § 613.02,” in substance defines bribery "as giving or offering or causing to be given or offered to a public official a bribe or any money, property, or value of any kind, or promise with intent to influence him”. The court there held that something more than mere solicitation of another to commit the crime of bribery was required, since in that case the intended crime of bribery was unaccompanied by overt acts pursuant to the bribe offer; that at no time did the defendant or his agent make contact with the person to be bribed, and that therefore the intended crime fell short of establishing an attempt at bribery.
Section 215.00 of the New York State Penal Law dealing with the bribery of a witness is somewhat broader in language insofar as the statute provides that: "A person is guilty of *837 bribing a witness when he confers, or offers or agrees to confer, any beneñt upon a witness”. (Emphasis supplied.)
Twelve years later the United States Supreme Court decided the case of Osborn v United States (385 US 323). In that case James R. Hoffa was awaiting trial in the Federal court as a defendant. His attorney hired a man named Robert Vick to make a background investigation of members of the jury panel. The petitioner, Hoffa’s lawyer, was later indicted and charged with endeavoring to bribe a member of the jury panel. The Supreme Court, (p 332) wrote: "Finally, the argument is made that even if the admissibility and truth of all the evidence against the petitioner be accepted, this conviction must be set aside because his conduct did not constitute a violation of 18 USC § 1503. The basis for this argument is that since Vick never in fact approached Elliott and never intended to do so, any endeavor on the petitioner’s part was impossible of accomplishment.”
In overruling this contention, which is the defendant’s contention in the case at bar, the court stated (p 333):
"We reject the argument. Whatever continuing validity the doctrine of 'impossibility,’ with all its subtleties, may continue to have in the law of criminal attempt, that body of law is inapplicable here. The statute under which the petitioner was convicted makes an offense of any proscribed 'endeavor.’ And almost 50 years ago this Court pointed out the significance of that word: 'The word of the section is "endeavor,” and by using it the section got rid of the technicalities which might be urged as besetting the word "attempt,” and it describes any effort or essay to accomplish the evil purpose that the section was enacted to prevent. * * * The section * * * is not directed at success in corrupting a juror, but at the "endeavor” to do so. Experimental approaches to the corruption of a juror are the "endeavor” of the section.’ United States v Russell, 255 US 138,143. (Emphasis supplied.)
"If the evidence against the petitioner be accepted, there can be no question that he corruptly endeavored to impede the due administration of justice by instructing Robert Vick to offer a bribe to a prospective juror in a federal criminal case.”
It is clear from the evidence that the defendant’s intent to offer or confer the benefit upon the witness was a sordid one, originating or characterized by a corrupt intent that the material witness either absent herself or otherwise avoid or *838 seek to avoid appearing or testifying at a trial in which this defendant was a defendant therein.
The proposal of the defendant, whether it be the "endeav- or,” "the offer,” or "the attempt” to confer a benefit, is covered under the New York State statute. Any other approach would tend to subvert the administration of justice.
Motion is denied.