**STATE of Minnesota, Respondent,**

v.

**KOON MENG CHAN, Appellant.**

**No. C1–85–2097.**

Court of Appeals of Minnesota.

Sept. 16, 1986.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen.,

St. Paul, John P. Dimich, Co. Atty., Grand Rapids, for respondent.

Robert E. Lucas, Lucas & Carlson, P.A., Duluth, for appellant.

Heard, considered and decided by SEDGWICK, P.J., FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a judgment of conviction for bribery. The trial court at the omnibus hearing denied appellant's motion to dismiss on the grounds his conduct did not fall within the statute. We affirm.

## FACTS

Appellant Koon Meng Chan is a Grand Rapids restaurant owner who allegedly solicited a bribe in exchange for his testimony on behalf of a local delivery man, Dewayne Erickson, in a contemplated workers compensation proceeding. Erickson was paralyzed in an automobile accident in September, 1981. The evening of the accident, a Sunday, appellant met Erickson in a bar. They discussed in part Erickson's delivering milk to a new restaurant appellant was opening.

Following the accident, Erickson hired an attorney, Arthur Seifert, who attempted to interview appellant on October 10, 1984, concerning a workers compensation claim. After explaining his purpose to appellant, appellant asked, "what's in it for me?" When the attorney responded that there was nothing in it for him, appellant said he would not give a statement and wanted to speak to his own attorney. Appellant denied asking for compensation. He claimed Erickson had asked him to testify falsely and this was the reason he declined to give a statement before talking with his attorney.

The following day, after the attorney told Erickson of this interview, Erickson called appellant. Erickson testified that appellant told him he wanted ten percent of his recovery. Appellant and Erickson agreed to meet at Erickson's house to discuss the matter. Erickson called his attorney, and upon his advice to have another person present, a police officer was called and stationed within the house to record the conversation. Appellant requested a promissory note for 10% of the expected recovery of $1.5 million, or $150,000. This money was to be in exchange for his testimony that he discussed business with Erickson at the bar the evening of the accident.

At the time of this conversation, Erickson's attorney had sent a demand letter to the workers compensation insurer. A claims petition was not filed until several weeks after the conversation.

The trial court at the omnibus hearing denied a motion to dismiss on the grounds there was no evidence to show appellant was a witness, or about to become a witness, as required by Minn.Stat. § 609.42, subd. 1(4) (1984). The court denied a motion for a directed verdict on the same grounds at the close of the State's evidence. The jury found appellant guilty of bribery.

## ISSUE

Did the trial court err in ruling that appellant was "about to become" a witness when he solicited a bribe?

## ANALYSIS

There are no Minnesota cases decided as to this issue, but there are several cases from other jurisdictions we choose to follow. In *State v. Reed*, 213 Kan. 557, 516 P.2d 913 (1973) the court stated:

It should be noted that there is nothing in the statute which specifically requires that an action or proceeding be pending at the time the attempt is made to deter a witness from giving evidence. The question raised is one of first impression in this state. Under our previous statute this court held that in order for a person to be deemed a "witness" within the meaning of that statute it was not necessary that he shall have been served with a subpoena. That opinion does not dis-

cuss whether or not an actual case must be pending in order for a person to be guilty of the offense of attempting to deter a witness from testifying. The implication from the language of the opinion is, however, that a person who has knowledge of facts out of which a criminal prosecution might arise is a "witness" within the meaning of the statute. 213 Kan. at 559, 516 P.2d at 916 (citation omitted).

The policy reasoning behind the holding is stated as follows:

> We therefore hold that [the Kansas statute] which makes it an offense to corruptly influence a witness is primarily designed to prevent the corrupt interference with the administration of justice, and its purpose is to go back *as far as necessary* and say, in effect, that any attempt to so influence prospective witnesses that the truth will not be presented in anticipated litigation is a criminal offense * * * *. [I]t would defeat the obvious intent of the legislature to restrict the application of such a statute to those persons already served with a subpoena or under legal process to appear in pending actions. To do so would put a premium on the early offering of bribes or threats to prospective witnesses. The corrupt purpose can be equally effected by offers made to those who are as yet only prospective or contemplated witnesses.

213 Kan. at 560, 516 P.2d at 916 (emphasis added; citation omitted).

We agree.

## DECISION

**Affirmed.**

LESLIE, Judge (dissenting).

I respectfully dissent and would reduce the conviction to attempted bribery.

The statute under which appellant was convicted provides that a person is guilty of bribery who

> [i]s, or is about to become such witness and requests, receives, or agrees to receive, directly or indirectly, any such benefit, reward, or consideration upon the understanding that his testimony will be so influenced, or that he will absent himself from the proceeding;

Minn.Stat. § 609.42(4), subd. 1 (1984).

In *State v. Reed*, 213 Kan. 557, 516 P.2d 913 (1973), the case relied on by the majority, the statutory language was considerably different, referring to "corruptly influencing a witness by bribery, threat or other means." 213 Kan. at 359, 516 P.2d at 916. The Kansas statute thus prohibited means of influence other than bribery, and did not include the phrase "about to become [a] witness."

Bribery is an offense which historically has involved an offeree who occupies an official position. *See State v. Lopes*, 201 Minn. 20, 23, 275 N.W. 374, 375 (1937) (accused's knowledge of the official position of the offeree is an essential element of the offense). It has been extended to those performing an official function, such as voters, jurors and witnesses. 4 Wharton's *Criminal Law* § 685, at 462 (1981). The offense for which appellant was convicted is listed among "Crimes Affecting Public Officer or Employee," Minn.Stat. §§ 609.415–.475, rather than "Crimes Against the Administration of Justice," such as perjury and tampering with a witness. Minn.Stat. §§ 609.48–.515. The phrase "about to become a witness," which suggests the imminence of a person's testifying in a trial or other legal proceeding, is intended to satisfy the requirement that the offeree or solicitor of a bribe must have an official character or function.

Minnesota's first penal code included a broader prohibition against inducing, without bribery, any person to give false testimony. *See* Gen.Stat. § 6053 (1891). Since bribery was not the method of inducement, this prohibition did not focus on the imminence of official "witness" status. Similarly, the current criminal code uses broader language in defining the offense of "tampering with a witness": "a person who is *or may become* a witness." Minn.Stat. § 609.498, subd. 1(a) (1984) (emphasis add-

ed). The legislature could have similarly broadened the scope of the term "witness" in the bribery statute.

A penal statute is construed strictly against the state. *State v. Corbin*, 343 N.W.2d 874, 875–76 (Minn.Ct.App.1984). In applying the statute, the court "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Id.* at 876.

In this case, Erickson had not filed a claims petition under the workers compensation law. *See* Minn.Stat. § 176.271, subd. 1 (1984) (initiation of proceedings by petition). The demand letter sent to the insurer did not necessarily entail a legal proceeding.

Appellant attempted to solicit a bribe in exchange for his testimony. A completed offense would have occurred had Erickson commenced a workers compensation proceeding with appellant as a prospective witness and with the bribery solicitation outstanding. Although the crime was not legally possible at the time of the attempt, legal impossibility is no defense to a prosecution for attempt. Minn.Stat. § 609.17, subd. 2; *State v. Bird*, 285 N.W.2d 481, 482 (Minn.1979). I would reduce appellant's conviction to attempted bribery. Minn.R. Crim.P. 28.02, subd. 12.