(941 P.2d 404)
No. 74,124

STATE OF KANSAS, *Appellee*, v. EZRA HILLS, *Appellant*.

Opinion filed June 20, 1997.

*Rebecca E. Woodman* and *Thomas W. Bartee*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ROYSE, P.J., LEWIS and KNUDSON, JJ.

LEWIS, J.: Defendant Ezra Hills was convicted, after a trial by a jury, of possession of cocaine, possession of drug paraphernalia, and transporting an open container. He was sentenced to a term of 4 to 12 years on the cocaine charge and 1 year on the para-

phernalia charge, and fined $50 for the open container conviction. Defendant appeals those convictions.

Defendant was arrested when the vehicle in which he was riding was stopped for driving with a burned out headlight. At the time of the stop, defendant was in the passenger seat of the vehicle, which was being driven by Ruth Reid.

We note that prior to the vehicle being stopped, defendant was believed to be the "suspicious person" officers had received a phone call about early that evening. Apparently, the vehicle was stopped because of the burned out headlight and to determine whether defendant was the "suspicious person" earlier mentioned.

After the vehicle was stopped, one of the police officers observed an open bottle of wine and an open can of beer in plain view by defendant's feet. The officers then arrested defendant for transporting an open container. In conducting a search of the vehicle incident to the arrest, a pill bottle containing three rocks of crack cocaine was found in the map sleeve on the passenger door.

After defendant was arrested, he was subjected to a pat down search. This search yielded four small plastic bags containing a white powder residue, a razor blade, and a glass tube. Defendant admitted the white residue was cocaine which he used the glass tube to smoke.

Reid testified at trial that defendant was a family friend. She said she picked him up as he walked down the street and that they were going to "do some coke." According to Reid, defendant had called her earlier that evening to tell her that he had some cocaine they could smoke.

Defendant raises several issues on appeal.

## ACQUIESCENCE

The State argues that defendant acquiesced in the judgment in several particulars. We do not agree.

After defendant was convicted, he filed a motion for a new trial. He also filed a motion for probation and for acquittal. The State agreed not to oppose his motion for probation if he would withdraw his post-trial motions. Defendant agreed and withdrew his motions, and the State did not oppose his motion for probation. The State

now argues that defendant cannot raise on appeal those issues raised in his withdrawn motions. The premise is that by agreeing to withdraw his motions, defendant acquiesced in the judgment against him.

It is true that acquiescence in general eliminates the right to appellate review:

"Acquiescence in a judgment cuts off the right of appellate review. The gist of acquiescence sufficient to cut off a right to appeal is voluntary compliance with the judgment. In order for an appellate court to hold that a party has acquiesced in a judgment, it must be shown that the appellant has either assumed burdens or accepted benefits of the judgment contested in the appeal." *Younger v. Mitchell*, 245 Kan. 204, Syl. ¶ 1, 777 P.2d 789 (1989).

However, in *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985), the Supreme Court pointed out that in Kansas, "the application for or acceptance of probation or a suspended sentence does not constitute an acquiescence in the judgment for the purpose of appeal. The right of appeal continues without regard to whether the convicted person has applied for a probation or a suspended sentence."

We conclude that the fact that defendant agreed to withdraw a motion for new trial and for acquittal in consideration of the State's agreement not to oppose his application for probation does not bar him from raising the same issues on appeal. The fact is, a motion for new trial is not even required to preserve issues for appeal. *Merando v. A.T. & S.F. Rly. Co.*, 232 Kan. 404, 413, 656 P.2d 154 (1983). Defendant did not acquiesce in the judgment or waive any of his issues on appeal by agreeing to withdraw his post-trial motions. The doctrine of acquiescence has extremely limited application in criminal cases and does not apply in the case presently under consideration.

## DEFENDANT'S RECORDED STATEMENT

Following his arrest, defendant was interrogated by the police. The interrogation was videotaped. Prior to trial, there were several verbal skirmishes between defendant and the State concerning the proper use of the videotape.

During the first few minutes of the videotape, defendant made some incriminating statements. He then said to the officer in charge, "Let's just leave it alone, man." The interrogation, however, continued for some time after that statement.

At one point in the pretrial proceedings, defendant and the State agreed that the portion of the videotape taken after defendant asked the officer to "leave it alone" would not be admitted into evidence by the State on direct examination.

Later in the proceedings, defendant moved the court to exclude the entire videotape, and that motion was denied.

Finally, defendant took the position that he wanted the entire videotape played to the jury because the latter part of the tape contained exculpatory statements. Defendant agreed to waive any right to object to the use of the tape if the entire tape would be played to the jury.

This request by defendant was denied by the trial court.

The result of that denial was that the jury was permitted to listen only to defendant's inculpatory statements made during the first part of the interrogation. The trial court refused to permit defendant to play the latter portion of the tape, which contained statements defendant believed were exculpatory. The trial court was aware of the fact that defendant did not intend to testify and held that the latter portion of the tape would be inadmissible hearsay in the absence of defendant's testimony. The inculpatory portions of the tape were admitted under the "statement against interest" exception to the hearsay rule. K.S.A. 60-460(j).

In this case, the hearsay rule was invoked to deny admission of exculpatory statements made by defendant while admitting only his incriminating statements. We must decide whether such a scenario is permissible.

To illustrate the effect of the rule, we note that defendant denied that the pill bottle found in the car and containing cocaine was his. Defense counsel asked the police officer on cross-examination if defendant had ever admitted that the cocaine in the pill bottle was his. The State objected to this question, arguing that defendant could not be allowed to give his denial to the jury through the

police officer when he did not intend to testify. The trial court sustained the objection and held:

"I cannot permit your client to testify without taking the stand and that in fact what's going on if the Court permits you to question this Officer about his conversation with your client and get his responses or his comments into the record is very self-serving. It does prevent the State and deny the State the right of confrontation to pursue the matters. Until such time as he takes the stand and on his own denies, if that indeed occurs, it is the Court's view these questions are inappropriate and his response to questions by and large from the second part of the tape as to ownership of the cocaine, et cetera, or his particular knowledge are inappropriate unless and until he testifies at which time it becomes relevant."

The question is whether the State may play or read to a jury only the inculpatory portions of a videotape or statement and then use the hearsay rule to withhold from the jury any exculpatory portions of the tape or statement when a defendant does not intend to testify.

We believe the trial court's decision concerning the admission of the latter portion of the videotape was fundamentally unfair and subversive to the responsibility of the jury to determine the truth. Of course, a defendant can always avoid this situation by taking the witness stand. The logical question is whether the State should be permitted to blackmail a defendant into surrendering his or her right to silence by threatening to use only the incriminating portions of a statement. We do not think such to be a just or proper result.

In *Chambers v. Mississippi*, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 93 S.Ct. 1038 (1973), the United States Supreme Court held that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." We conclude that permitting a jury to hear only the incriminating portions of a defendant's statement while denying to that jury the exculpatory portions of that same statement directly implicates the "ascertainment of guilt." A jury determines guilt or innocence, and it is unduly hampered in its deliberations when it is only allowed to hear those portions of a statement or view those portions of a videotape that contain incriminating material.

We applied the *Chambers* decision in *State v. Brickhouse*, 20 Kan. App. 2d 495, 503, 890 P.2d 353, *rev. denied* 257 Kan. 1093 (1995), where we said:

"[I]f an incriminating hearsay statement is admitted in an effort to convict a defendant, an exculpatory hearsay statement by the same declarant which tends to exonerate that defendant or which supports the theory of defense may not be denied admission into evidence on the grounds that it is unreliable. Application of the hearsay rule in this manner offends our sense of justice and fair play and affects the jury process in an unacceptable manner. The question of whether the exculpatory statement is reliable is overridden by the inherent unfairness that will occur if that statement is excluded while a similar hearsay statement that is incriminating is admitted."

Although *Brickhouse* is factually distinguishable from this case, the intent of that decision is applicable. It is simply not permissible to admit an incriminating hearsay statement by a defendant while denying admission of an exculpatory hearsay statement by the same defendant through the use of the hearsay rule.

In *State v. Reed*, 213 Kan. 557, 561, 516 P.2d 913 (1973), the Supreme Court said: "When a witness testifies to some part of an oral conversation with the defendant, the defendant may introduce evidence showing his version of the conversation." Although *Reed* did not involve the hearsay rule, we extend the rule announced in *Reed* to cases in which the hearsay rule would normally prevent a defendant from showing those parts of his conversation not introduced or shown by the State.

In concert with *Brickhouse* and *Reed*, we hold that where the State has introduced portions of a defendant's statement or interview which are incriminating, a defendant may show to the jury or the court exculpatory portions of the statement or interrogation even though the defendant does not intend to testify and such evidence would normally be barred by application of the hearsay rule. We conclude that under those circumstances, use of the hearsay rule to bar the exculpatory evidence would be contrary to *Chambers*, *Reed*, and *Brickhouse*.

We wish to make it clear that the rule we adopt applies only where the State seeks to use portions or a statement of an interview which are inculpatory or incriminating. We do not intend to make

any other out-of-court statements of a defendant admissible where he or she is not "available as a witness."

Our decision requires that we reverse defendant's convictions for possession of cocaine and drug paraphernalia.

## CROSS-EXAMINATION OF RUTH REID

On cross-examination of Reid, defendant asked her about a prior conviction for giving a worthless check. Defendant argues on appeal that the court improperly limited his questions to Reid on this subject. We disagree.

Questions concerning the scope or extent of cross-examination are left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. *State v. Westfahl*, 21 Kan. App. 2d 159, Syl. ¶ 3, 898 P.2d 87, *rev. denied* 258 Kan. 863 (1995).

We have examined defendant's cross-examination questions and the rulings by the trial court, and we find no abuse of discretion. On a number of occasions during cross-examination, defense counsel was able to show the jury that Reid had been convicted of writing bad checks. The trial court stopped what was becoming the repetitious examination on this subject after the point had been established. The evidence of Reid's conviction was placed before the jury and argued on closing. Defendant's objections on this issue are without merit.

## DRUG USAGE AND PROBATION VIOLATIONS

The principal defense in this case was that the cocaine found in the automobile did not belong to defendant. Defendant sought to convince the jury that the drug belonged to Reid, the driver of the vehicle.

The record shows that Reid was an admitted drug user. She was convicted of a violation of the drug laws as a result of the events which led to defendant's conviction. She was then placed on probation. However, a drug test conducted shortly after she was placed on probation revealed that she was still using drugs. Despite this fact, her probation, although temporarily revoked, was then reinstated.

On cross-examination, defendant sought to introduce evidence about the continued drug use by Reid. The trial court refused to permit this cross-examination.

We conclude the trial court was unduly restrictive in not allowing defendant to show the jury that Reid had continued to use drugs after being placed on probation.

We note that the jury was informed of the fact that Reid was on probation from her cocaine conviction based on the events involved in this case. However, the defense was not allowed to show that Reid had violated her probation by continuing to use drugs and that no effort had been made to revoke the probation.

The evidence in question would have aided defendant in his efforts to show the jury that the drugs in the automobile were not his. In addition, the failure of the State to take steps to revoke Reid's probation permits an inference to be made that her testimony might have been motivated by a desire to stay on probation.

Under the circumstances, we conclude the trial court erred in restricting defendant's cross-examination concerning Reid's drug use and violation of probation.

## EVIDENCE OF DEFENDANT'S PRIOR DRUG USE

At a pretrial hearing, the State filed a motion seeking to admit evidence at trial of defendant's previous attempt to purchase cocaine in order to prove intent, knowledge, and/or absence of mistake or accident. The K.S.A. 60-455 evidence was that defendant had attempted to purchase cocaine for his girlfriend in 1990 at a suspected crack house where the Kansas City police were running a sting operation. The trial court granted the motion of the State.

Prior to the admission of the evidence at trial, the jury was given a cautionary instruction, which stated that the jury should consider the evidence "solely for the purpose of proving defendant's intent, knowledge, absence of mistake or accident. This evidence may not be considered to prove a disposition of a defendant to commit a particular crime."

Appellate review of the trial court's admission of evidence of prior crimes under K.S.A. 60-455 is limited to whether the trial

court abused its discretion or admitted clearly irrelevant evidence. *State v. Dotson*, 256 Kan. 406, 412, 886 P.2d 356 (1994).

In *State v. Faulkner*, 220 Kan. 153, 551 P.2d 1247 (1976), the Supreme Court allowed evidence of a prior drug conviction to be admitted and said: "[T]he journal entry of judgment of the prior conviction for possession of a controlled substance raised a reasonable inference that the appellant was familiar with controlled substances and had knowledge of and intended to exercise control over the [drugs]." 220 Kan. at 157.

We believe that the rationale in *Faulkner* applies in the instant matter.

The jury was cautioned as to the proper use of the 60-455 evidence. We hold that the prior crimes evidence was not clearly irrelevant, and no abuse of discretion by the trial court has been shown.

## CAUTIONARY INSTRUCTION

Defendant suggests the trial court committed reversible error by failing to give a cautionary instruction on the testimony of an accomplice. At trial, defendant failed to request such an instruction or object to the trial court's failure to give one. Under these circumstances, the trial court's failure to give the instruction will not be reversible error unless such failure was clearly erroneous.

" 'No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he or she objects and the grounds for the objection, unless the instruction is clearly erroneous. K.S.A. 22-3414(3). An instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict. [Citation omitted.]' " *State v. DePriest*, 258 Kan. 596, 605, 907 P.2d 868 (1995).

In *State v. Reed*, 256 Kan. 547, Syl. ¶ 2, 886 P.2d 854 (1994), the court said: "Where the defendant fails to request an accomplice instruction and the witness' testimony is corroborated by other evidence and the testimony does not provide the sole basis for conviction, the failure to give an accomplice instruction is not reversible error." In this case, Reid's testimony was corroborated by

defendant's own admissions, by the fact that cocaine residue was found on his person, and by the location of the pill bottle containing cocaine.

We are unable to conclude that the trial court's failure to give the accomplice instruction was clearly erroneous. We cannot say that had the instruction been given, there is a real possibility the jury would have returned a different verdict. In addition, we conclude that Reid's testimony was corroborated in the manner described in *Reed*.

Defendant's arguments in this regard are without merit.

## PLAIN VIEW EXCEPTION

Defendant argues the trial court erred in denying his pretrial motion to suppress all evidence found during the stop of the automobile in which he was a passenger. The trial court stated that a call from a concerned citizen indicating a "suspicious person" brought up an appropriate situation for the police to investigate. The record also shows that the headlight was out on the vehicle in which defendant was a passenger. We conclude that the fact that the headlight was out was a sufficient reason for the officers to stop the automobile. We also agree with the trial court that an alternate reason supporting a stop of the automobile would have been to determine whether defendant was the "suspicious person" described in an earlier call from a concerned citizen. We hold that the evidence certainly justifies the officer's stop of the vehicle.

Defendant appears to argue that the "plain view" of the open containers could not have occurred except for the officer's illegal questioning of defendant and demanding of his identification. We do not agree.

One of the officers testified that after he pulled the vehicle over, he advised the driver that she had a headlight out. He then asked the driver and defendant for identification and asked them where they were going and what they were doing, as he tried to determine if defendant was the "suspicious person." While this officer was questioning defendant and the driver, the other officer saw the open containers of alcohol in plain view at defendant's feet. Once

the open containers of alcohol were viewed by the officers, the arrest and search incident to the arrest was justified.

"If the findings of the trial court on a motion to suppress evidence are based on substantial evidence this court will not substitute its view of the evidence for that of the trial court." *State v. Garcia*, 250 Kan. 310, Syl. ¶ 2, 827 P.2d 727 (1992). We hold the trial court's findings in this case concerning the stop of the vehicle and the admission of the evidence seized from the vehicle are supported by substantial competent evidence.

In *State v. Damm*, 246 Kan. 220, Syl. ¶ 2, 787 P.2d 1185 (1990), the Supreme Court said: "The scope and duration of a seizure must be strictly tied to and justified by the circumstances which rendered its initiation proper." We conclude the circumstances of the instant matter comply with that standard. We hold the trial court did not err in denying defendant's motion to suppress the evidence discovered in the vehicle under the circumstances shown.

We reverse defendant's convictions for possession of cocaine and possession of paraphernalia for the reasons stated in this opinion. We find no reason to reverse defendant's conviction for transporting an open container, and that conviction is affirmed.

Affirmed in part, reversed in part, and remanded.