[Criminal No. 917. Filed December 15, 1941.]

[120 Pac. (2d) 395.]

THE STATE OF ARIZONA, Plaintiff, v. PETE BLAZINA and JOHN CONNOLLY, Defendants.

No appearances for the parties.

ROSS, J.—The defendants, Pete Balzina and John Connolly, were informed against for selling intoxicaing liquor during a school election in School District No. 9, Jerome, Yavapai County, being held on October 27, 1941, for the election of a school trustee and while the polls were open. Defendant Connolly moved to quash the information on the ground that it failed to charge defendant with the commission of an offense because a school district election is not an election within the terms of the statute. The court, with the consent of the defendant Connolly, has certified to this court, under the provisions of section 44–2401, Arizona Code 1939, for decision this question:

"Does section 72–113, subsection 8, Annotated Code of Arizona 1939, include in its prohibitive provisions, selling, disposing of or giving liquor away during the hours that polling places are open for voting on school election days?"

Neither the attorney for the defendant nor the county attorney has filed a brief or called to our attention any authority that might shed light upon the question to be decided. While, perhaps, it may be conceded that no legal obligation to do so existed, it would seem that these parties would assist the court, from their investigation, in solving the question. It just happens that in this particular case we incur no great difficulty in reaching a conclusion because the language of the statute seems quite clear and plain. The material part of section 72–113 reads as follows:

"(a) It shall be unlawful . . . (b) . . .

"8. For any hotel, on-sale or off-sale retail licensee to sell, dispose of, deliver, or give away any spirituous liquor on his premises on election days during the hours that polling places are open for voting."

Under the school law, every school district in the state is required to hold an election on the last Saturday in October of each year for the purpose of electing a school trustee. Section 54-409. At such election, every qualified elector of the state, who has been a resident of the district for thirty days immediately before election day, and who is a parent or guardian of a minor child residing in the district, or who has paid a property tax the preceding year is eligible to vote. Section 54-414. The following section provides the method of canvassing the vote and certifying the result to the clerk of the board of trustees. Section 54-415.

■ Although there is nothing to indicate the reason the court found the question a difficult one, we suppose it must have been contended by the defendant that the provision against selling of liquor on election days applies only to general elections or those held biennially in November. The prohibition is against the selling, giving away, etc., of any liquor "on election days during the hours that polling places are kept open." It seems to us that this language is as all-inclusive as if it had said "all election days." The phrase "on election days" is all-inclusive. The last Saturday of October is the day fixed by the statute to elect a trustee in each and every school district in the state. While such election is, in a sense, local to each school district, it is general in that it reaches throughout the state.

■ It is not questioned that the legislature has the power, in the interests of the public welfare, safety

and good order, to prohibit the sale of intoxicating liquors during the hours of the day when an election is being held and, of course, it could not be questioned. 30 Am. Jur. 438, secs. 348 and 349. Elections for school trustees are by qualified and authorized voters, at a time and place and in a manner provided by the statute, and we certainly think that the language unmistakably refers to that kind of an election. Orderly school elections are just as essential as any others and the need of protecting the ballot cannot be different from that of a general election.

Our answer to the question propounded is "Yes."

LOCKWOOD, C. J., and McALISTER, J., concur.