The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. When a city election is held involving less than the total number of wards within that city, must all retail package stores in that city close while the polls are open? "2. When a State or County election is held involving only one district in the State and/or County, must all retail package stores within the State and/or the County close while the polls are open ? "3. When a National, State, County, City or Special Election takes place in any location within the State, must all retail package stores be closed in the State while the polls are open ? "4. During a School Board or School Bond election, must retail package stores within the State closed while the polls are open?" (Emphasis original) The sale of alcoholic beverages on election days is regulated by both constitutional and statutory provisions. The Oklahoma Constitution, ArticleXXVII, Section 6 provides in relevant part: "It shall be unlawful for any person to sell, at retail, any alcoholic beverage: "On the first day of the week, commonly called Sunday; "On the day of any National, State, County or City Election, including Primary elections, during the hours the polls are open; and * * * "Any Licensee or person violating the provisions of this Section shall be deemed guilty of a misdemeanor and any license issued pursuant to the provisions of this act shall be revoked upon conviction for such sale in violation of this section." (Emphasis added) Title 37 O.S. 537 [37-537](c) (1971), provides in part that: "No person holding a package store license under this Act shall: * * * "(3) Sell, or keep package store premises open for the purpose of selling, any alcoholic beverages at any hour other than between the hours of 10:00 a.m. and 10:00 p.m. Monday through Saturday; provided, that no such sales shall be made, or package store premises be allowed to remain open for the purpose of making such sales, on the day of any general, primary, runoff primary or special election while the polls are open whether on a national, state, county or city election . . . ." (Emphasis added) Both the constitutional and statutory provision refer to the time period when the polls are open. Okla. Const., ArticleXXVII, Section 6; 37 O.S. 537 [37-537](c) (1971). If a statute has doubtful meaning, it should be given a construction that is reasonable and sensible, bearing in mind the evils intended to be avoided. Independent School Dist., Etc. v. Independent School Dist., Etc., Okl., 363 P.2d 835 (1961). From the constitutional and statutory provisions above cited, it is clear that the evil and mischief sought to be avoided is the purchase of alcoholic beverages in an area where an election is being conducted during the time the polls are open. To require the closing of all retail liquor stores across the entire state while an election was conducted in a small part of the state would be to ignore to the point of absurdity the clear purpose of the restriction. In In re Benson, 178 Okl. 299, 62 P.2d 962
(1936), the Oklahoma Supreme Court held: "Where the literal meaning of a statute would result in great inconvenience, or lead to absurd consequences which the Legislature could not have contemplated, the courts are bound to presume that such consequences were not intended, and to adopt a construction which will promote the ends of justice and avoid the absurdity." The reasonable and sensible interpretation of the requirements of the above-cited statutory provisions is that retail package liquor stores must close when the polls are open in the geographical area of the political entity with respect to which the election is being conducted. 45 Am.Jur.2d Intoxicating Liquors, 277, p. 677, states: "It is not questioned that legislatures have the power, in the interests of the public safety, welfare and good order, to prohibit the sale of intoxicating liquors during the hours of the day when an election is being held. . . ." See also State v. Blazina, 58 Ariz. 346, 120 P.2d 395 (1941), which states that such legislative power "could not be questioned." A school board or school bond election is a species of county election, though a school district may transcend county boundaries. Title 70 O.S. 2-101 [70-2-101] (1974) provides that these elections are conducted by county election boards. The reasonable interpretation of the statutory provisions as to this type of election would likewise be that retail package liquor stores must close when the polls are open in the geographical area of the political entity with respect to which the election is being conducted, namely within the school district boundaries. It is, therefore, the official opinion of the Attorney General, pursuant to Okla. Const., Article XXVII, Section 6 and 37 O.S. 537 [37-537](c) (1971), that: 1. Retail package liquor stores must close within the corporate limits of a city when an election is being held in any of the wards in that city during polling hours. 2. When a state or county election is held involving only one district in the state or county, all retail package liquor stores must close in that district during polling hours. 3. When a national or state election takes place, involving the entire state, retail package liquor stores must close in all areas during polling hours. 4. During a school board or school bond election, retail package liquor stores must close within the school district with respect to which the election is being conducted. (William W. Gorden Jr.)